[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 29, 2008
THOMAS K. KAHN
CLERK

No. 07-13488
Non-Argument Calendar
_____

BKCY No. 06-12096-BKC-PGH

In Re:  RUSSELL R. KINGSLEY and
        GRETCHEN L. KINGSLEY,

                                                        Debtor.

_____

MICHAEL R. BAKST, Trustee in Bankruptcy
for RUSSELL R. KINGSLEY and
GRETCHEN L. KINGSLEY,

                                                Plaintiffs-Appellants,

                            versus

PHILLIP R. WETZEL,

                                                Defendant-Appellee.

_____

Appeal from the United States Bankruptcy Court
for the Southern District of Florida

_____

**(February 29, 2008)**

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael R. Bakst ("the trustee"), an attorney proceeding pro se, appeals the bankruptcy court's order granting in part and denying in part his cross-motion for summary judgment. The trustee argues that, where the bankruptcy court has found a fraudulent transfer avoidable pursuant to 11 U.S.C. § 548, neither 11 U.S.C. § 550(d) nor Fla. Stat. § 726.109(3) provide for the adjustment of the amount of recovery based on pre-petition repayments to the Debtors or the Debtors' creditors where there has been a finding of actual fraud. He contends that the transferee must have accepted the funds in good faith in order to benefit from such an equitable adjustment. He also asserts that pre-petition repayments to the debtor do not legitimize fraudulent transfers. For the reasons set forth more fully below, we affirm.

"[A]n appellate court reviews a bankruptcy court's grant of summary judgment de novo." In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001).

Under Fed. R. Civ. P. 56(c), . . . summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

2

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. . . . [A] bankruptcy court deciding a summary judgment motion . . . must determine whether there are any genuine issues of material fact.

Id. (citations and quotations omitted).

Pursuant to 11 U.S.C. § 548(a),

The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

(A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . , indebted; or

(B) (i) received less than a reasonably equivalent value in exchange for such transfer . . . ; and

(ii) (I) was insolvent on the date that such transfer was

made . . . , or became insolvent as a result of such transfer.

Here, the parties stipulated to the material facts of the case, which establish that defendant Phillip R. Wetzel knowingly accepted a transfer of $4,516 from his daughter and son-in-law, Gretchen L. Kingsley and Russell R. Kingsley ("the Debtors"), in order to prevent Bank of America from seizing those funds to satisfy the Debtors' credit card debt. The parties do not dispute the bankruptcy court's finding that the transfer of $4,516 to Wetzel was both actively and constructively fraudulent, and therefore avoidable pursuant to 11 U.S.C. § 548.[1] The sole issue on appeal is whether the bankruptcy court erred in exercising its equitable powers to calculate Wetzel's liability pursuant to 11 U.S.C. § 550 and Fla. Stat. § 726.109.

Both 11 U.S.C. § 550 and Fla. Stat. § 726.109 provide that, to the extent that a transfer is avoided, the trustee may recover the property or the value of the property transferred from the initial transferee. 11 U.S.C. § 550(a)(1); Fla. Stat. § 726.109(2)(a). Florida law provides that the value of the asset transferred may be

---

[1] To the extent that Wetzel seeks to challenge the bankruptcy court's finding of actual fraud on appeal, this issue is not properly before us because he failed to file a cross-appeal. See Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984) (holding that "a party who has not appealed may not enlarge his rights under the judgment or diminish those of the opposing party"). Accordingly, we decline to address this issue.

"adjusted as the equities may require." Fla. Stat. § 726.109(3). The trustee is entitled to recover the adjusted value of the asset "or the amount necessary to satisfy the . . . claim, whichever is less." Fla. Stat. § 726.109(2). Federal law also endows the bankruptcy court with equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Bankruptcy courts have consistently held that 11 U.S.C. § 550 "is designed to restore the estate to the financial condition that would have existed had the transfer never occurred." In re Sawran, 359 B.R. 348, 354 (Bankr. S.D. Fla. 2007) (citation omitted); see also In re Centennial Textiles, Inc., 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998).

We have indicated that "the cornerstone of the bankruptcy courts has always been the doing of equity." In re Waldron, 785 F.2d 936, 941 (11th Cir. 1986). "Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard." In re General Dev. Corp., 84 F.3d 1364, 1367 (11th Cir. 1996). In reviewing for abuse of discretion, we recognize the existence of a "range of possible conclusions the trial judge may reach," and "must affirm unless we find that the . . . court has made a clear error of judgment, or has applied the wrong legal standard." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2007).

5

"In fraudulent transfer actions, there is a distinction between avoiding the transaction and actually recovering the property or the value thereof." In re Int'l Admin. Servs., 408 F.3d 689, 703 (11th Cir. 2005). We have not addressed whether the bankruptcy court may adjust the amount of recovery to reflect the transferee's pre-petition repayment of funds or return of property to the debtors. Some courts have declined to undertake such an inquiry, holding that the fraudulent transfer should not be legitimized or offset by any repayments to the debtor. For example, in Nostalgia Network, Inc. v. Lockwood, 315 F.3d 717 (7th Cir. 2002), the debtor transferred money to his fiancee, who used it to pay his personal and business expenses. 315 F.3d at 719. In affirming the district court's grant of summary judgment and award of full recovery in favor of the creditor, the Seventh Circuit held that, once the court makes a finding that a transfer was fraudulent,

> the fact that some or for that matter all of it may later have seeped back to the debtor does not legitimize the transfer. . . . [T]he seeping back of the transferred money or property to the transferor is strong evidence of actual fraud by him. It is one thing to make a gift; it is another to transfer money to someone whom [the debtor] expect[s] to retransfer it to [him]; the inescapable implication is that [he is] parking [his] money in a place where [he] hope[s] [his] creditors won't know to look.

Id. at 720.

Alternatively, other courts have applied equitable principles to reduce or

eliminate the amount of the trustee's recovery where the transferee used the funds to pay for the debtor's personal expenses or returned the money directly to the debtor pre-petition. For example, in In re Jackson, 318 B.R. 5 (Bankr. D.N.H. 2004), aff'd 459 F.3d 117 (1st Cir. 2006), the bankruptcy court exercised its equitable powers to adjust the amount of recovery to the bankruptcy estate where the defendant-transferee used proceeds from the sale of fraudulently transferred property to pay the debtor's business and family expenses. 318 B.R. at 27. The court found that "in the absence of any finding of actual fraud, it would be a windfall to the estate to allow the Plaintiff full recovery . . . without making an equitable adjustment to account for the proceeds the Defendant used to pay the Debtor's bills and cover the family expenses." Id. at 27-28. The court then determined that it was "equitable under the facts of th[e] case to credit the Defendant for the expenditures she made that the Debtor could have legitimately made if the constructively fraudulent transfers had not occurred." Id. at 28.

Here, the bankruptcy court, applying similar reasoning, determined that recovery of the pre-petition transfers would result in an inequitable windfall to the bankruptcy estate. However, unlike the defendant-transferee in the previous case, here, the bankruptcy court explicitly found that Wetzel committed actual fraud. We have noted that "[t]he equitable doctrine of unclean hands provides that one

who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness will appeal in vain to a court of conscience." In re Garfinkle, 672 F.2d 1340, 1346 n.7 (11th Cir. 1982) (quotation and alteration omitted); see also United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) (indicating that "the doctrine of unclean hands is an equitable test that is used by courts in deciding equitable fate"). Nevertheless, the bankruptcy court's decision was not entirely inconsistent with this doctrine. Although the court's decision did benefit Wetzel to the extent that it found that he was not liable for any pre-petition payments, it did not bar recovery altogether, finding that he was liable for the post-petition payments. Moreover, in light of the cases discussed above, the bankruptcy court did not misapply the law or make a clear error of judgment in reducing the amount of recovery to the bankruptcy estate. Accordingly, the bankruptcy court did not abuse its discretion.

In light of the foregoing, the decision of the bankruptcy court is

**AFFIRMED.**