[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14445
Non-Argument Calendar

_____

D. C. Docket Nos. 06-01896-CV-ORL-19 & 05-00321-BCK

IN RE:  ALMA JEANNE SLIZYK,

Debtor.

--------------------------------------------------------------------------------

ALMA JEANNE SLIZYK,

Plaintiff-Appellant,

versus

STEVEN A. SMILACK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 21, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Alma Slizyk appeals <u>pro se</u> from the district court's order affirming the bankruptcy court's order determining that $62,072.68 of Slizyk's debt to Steven Smilack, her ex-husband, was not dischargeable under 11 U.S.C. § 523(a)(15) in her Chapter 7 bankruptcy proceeding. Slizyk argues that the bankruptcy court erred in finding that the debt was not dischargeable because she does not have the ability to pay the debt and because the bankruptcy court did not consider how much discharging the debt would harm Smilack. Slizyk also claims that $38,146.16 of the debt should be discharged because, although Smilack was awarded that amount in a divorce decree to pay a debt to his mother, he never actually paid the debt. After thorough review, we affirm in part, and reverse and remand in part.

In appeals from bankruptcy proceedings, "we review determinations of law made by either the district or bankruptcy court de novo, while reviewing the bankruptcy court's findings of fact for clear error." <u>In re Int'l Pharmacy & Disc. II, Inc.</u>, 443 F.3d 767, 770 (11th Cir. 2005). "Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. In reviewing for abuse of discretion, we . . . must affirm unless we find that the court has made a clear error of judgment, or has applied the wrong legal standard." <u>In re</u>

2

Kingsley, 518 F.3d 874, 877 (11th Cir. 2008) (citations, quotations and alteration omitted).  We review the bankruptcy court's order independently of the district court.  Int'l Pharmacy, 443 F.3d at 770.

Chapter 7 bankruptcy generally discharges a debtor from all debts that arose before she filed the bankruptcy petition.  11 U.S.C. § 727(b).  However, a debt incurred "in connection with a . . . divorce decree" is not dischargeable unless (A) "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor," or (B) "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a . . . former spouse . . . of the debtor."  11 U.S.C. § 523(a)(15) (2005).[1]  An objecting creditor first bears the burden of proving, by a preponderance of the evidence, that the debt should be exempted from discharge, and then the burden shifts to the debtor to establish the debt is dischargeable under either subsection (A) or (B).  In re Bowers, 357 B.R. 663, 667-68 (Bankr. M.D. Fla. 2006).  When determining whether a debt should be discharged under § 523(a)(15), courts may consider the totality of the circumstances, including the parties' incomes, assets, liabilities, health, job skills,

_____

[1] Congress amended the applicable statute to remove subsections (A) and (B) from Section 523(a)(15), but the amendment is inapplicable to cases filed before the effective date of the amendment, and Slizyck's petition was filed before this date. See Pub. L. 109-8 §§ 215(c), 1501(a).

training, age, education, future earning capabilities, and long-term financial prospects.  Id. at 668; In re Daniel, 290 B.R. 914, 918 (Bankr. M.D. Ga. 2003). Weighing the detrimental consequences to the parties under § 523(a)(15)(B) "require[s] the bankruptcy court to reach an equitable conclusion rather than a factual or legal one."  In re Myrvang, 232 F.3d 1116, 1121 (9th Cir. 2000); cf. Matter of Crosswhite, 148 F.3d 879, 888 (7th Cir. 1998) (discussing the "equitable balancing test" of § 523(a)(15)(B)); In re Henrie, 235 B.R. 113, 121 (Bkrtcy. M.D. Fla. 1999) ("Section 523(a)(15)(B) requires the Court to exercise its pure equitable powers" and "make a value judgment in deciding which party suffers the most.") (quotations omitted).  "[C]ourts generally construe the statutory exceptions to discharge in bankruptcy liberally in favor of the debtor . . . ."  In re Miller, 39 F.3d 301, 304 (11th Cir. 1994) (internal quotations omitted).

As an initial matter, the bankruptcy court did not clearly err in determining that, based on Slizyk's future earning potential and employment opportunities, she was able to pay the $62,072.68 debt to Smilack.  Int'l Pharmacy, 443 F.3d at 770. However, the bankruptcy court nonetheless abused its discretion in holding that the debt was not dischargeable, because there is no indication in the record that the court ever applied the correct legal test to determine whether discharging the debt "would result in a benefit to the debtor that outweighs the detrimental

4

consequences to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B). Specifically, the bankruptcy court said that it was using this test, but never actually discussed what, if any, harm discharging the debt would do to Smilack. Moreover, during the hearings, the bankruptcy court indicated that it did not understand why Slizyk or Smilack's financial status was relevant. And when Slizyk sought to enforce the bankruptcy court's order that Smilack disclose various financial records, the court said it did not think it would need those documents to make a decision. This record shows that the bankruptcy court plainly did not assess Smilack's financial condition.

We are thus compelled to conclude that because the bankruptcy court did not consider the detriment that discharging the debt would cause Smilack and whether that detriment would outweigh the benefit to Slizyk, it did not apply the correct legal standard, and in so doing, abused its discretion. Kingsley, 518 F.3d at 877. Accordingly, we reverse the portion of the district court's order affirming the bankruptcy court's ruling that the divorce decree debt of $62,072.68 was not dischargeable, and instruct the district court to vacate this part of the bankruptcy court's order and remand to the bankruptcy court for further proceedings.

We reject, however, Slizyk's argument that the portion of the debt awarded to Smilack in the divorce decree to pay a debt to his mother should be discharged.

5

Under the <u>Rooker-Feldman</u> doctrine,[2] the U.S. Supreme Court is the only federal court that Congress has granted jurisdiction to adjudicate a claim seeking review of a state court judgment. 28 U.S.C. § 1257; <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). The doctrine applies to claims actually raised in state court and to claims that were not raised in state court but are "inextricably intertwined" with the state court judgment, so long as the plaintiff had a reasonable opportunity to raise the claim in state proceedings. <u>Powell v. Powell</u>, 80 F.3d 464, 466-67 (11th Cir. 1996). Using this doctrine, the district court correctly concluded that it could not review Slizyk's challenge to this portion of the divorce decree because it is "inextricably intertwined" with the state court judgment, and Slizyk had a reasonable opportunity to raise it in state court. We likewise decline to address this issue, and affirm the ruling of the district court.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

[2] <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923).