[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

No. 07-15269
Non-Argument Calendar

_____

D. C. Docket No. 06-00600-CV-H-S

LINDA S. EADES,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF HUMAN RESOURCES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 31, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Linda Eades appeals the sua sponte dismissal of her employment discrimination

action against her former employer, the Alabama Department of Human Resources

("DHR"),[1] for failure to prosecute. On appeal, she essentially argues that the district court abused its discretion in dismissing her lawsuit, and erred in denying her post-judgment motion for relief.[2]

We review for abuse of discretion the district court's decision to dismiss a case for want of prosecution. Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995). In reviewing for abuse of discretion, we recognize "the existence of a 'range of possible conclusions the trial judge may reach' and 'must affirm unless we find that the . . . court has a made a clear error of judgment, or has applied the wrong legal standard.'" In re Kingsley, 518 F.3d 874, 877 (11th Cir. 2008) (citation omitted). This is true even though we may have

---

[1] Eades also named five DHR employees in their individual capacities as defendants in the lawsuit, and asserted a claim for punitive damages. However, the district court ultimately dismissed the individual defendants and the punitive damages claim, and Eades does not challenge these dismissals in this appeal. Therefore, she has abandoned any claim that the district court erred in dismissing the five individual defendants or her punitive damages claim. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 972 (11th Cir. 2008) ("[A]n argument not included in the appellant's opening brief is deemed abandoned").

[2] Eades's notice of appeal was timely filed as to both the underlying order of dismissal and the denial of her post-judgment motion for relief. While the notice of appeal only specifically designated the order denying her post-judgment relief as the order appealed from, that notice and subsequent appellate proceedings support an inference that Eades's overriding intent was to appeal the underlying order of dismissal as well. See KH Outdoor, LLC v. City of Trussville, Ala., 465 F.3d 1256, 1260 (11th Cir. 2006) (holding that "[a]n appeal is not lost . . . if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal"). Also, the Appellee will not be prejudiced if we review the merits of the order of dismissal because it specifically addresses the merits of the underlying dismissal order in its brief. Accordingly, we will review the merits of both of these orders.

ruled differently on the issue. <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 711 (11th Cir. 2004). "Indeed, the distinguishing hallmark of abuse-of-discretion review is that it 'presupposes a zone of choice within which the trial courts may go either way.'" <u>Id.</u> at 711-12 (citation omitted).

Where, as here, the order of dismissal has the effect of precluding the plaintiff from refiling her suit because the statute of limitations has run, the dismissal is equivalent to a dismissal with prejudice. <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. Unit B 1981). District courts possess the ability to dismiss a case with prejudice for want of prosecution based on two possible sources of authority: Fed.R.Civ.P. 41(b) or their inherent authority to manage their dockets. <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005). Here, it appears that the district court used its inherent power because Rule 41(b) requires a motion by the defendant and the court so-stated in denying Eades's post-judgment motion.

Regardless of the authority for the dismissal, a district court should dismiss a case for want of prosecution with prejudice only when faced with "a clear record of delay or contumacious conduct by the plaintiff." <u>McKelvey v. AT&T Technologies, Inc.</u>, 789 F.2d 1518, 1520 (11th Cir. 1986) (citation and quotations omitted). "Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are

3

unavailable." Id. "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. (citations omitted).

We have noted that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K Agencies, 432 F.3d at 1338. Nevertheless, the Supreme Court has found that there was "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct impose[d] an unjust penalty on the client." Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390 (1962) (internal quotation marks and citations omitted). Consistent with Link, we have noted that "[t]he trial judge has broad discretion in determining whether to admit evidence and witnesses not included in pretrial orders." Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980).

Where, as here, a party unsuccessfully seeks relief following entry of a judgment dismissing an action, we will review that decision, under Rule 59(e) or Rule 60(b), for an abuse of discretion. Shuford v. Fidelity Nat'l Prop. & Cas. Inc., 508 F.3d 1337, 1341 (11th Cir. 2007) (Rule 59(e)); BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) (Rule 60(b)). The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law

4

or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.), cert. denied, 128 S.Ct. 660 (2007). "'[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). Under Rule 60(b), "attorney negligence or oversight is rarely grounds for relief." United States v. Real Prop. & Res. Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala., 920 F.2d 788, 792 (11th Cir. 1991).

We conclude that the district court acted within its discretion in sua sponte dismissing Eades's lawsuit for failure to prosecute and denying her motion for post-judgment relief. With respect to the original dismissal of Eades's action, the record shows that Eades engaged in a "clear pattern of delay and contumacious conduct." Specifically, Eades failed on multiple occasions to comply with the court-ordered deadlines in this case, and the repeated nature of her failures in this regard evidenced a "clear pattern of delay" or "contumacious conduct" on her part, as opposed to mere negligent conduct. Furthermore, Eades did not attempt to notify the court, in a timely manner, of the problems that she was experiencing in complying with the court-ordered deadlines or in completing discovery. While Eades correctly notes on appeal that DHR was also responsible for filing the joint report, it remains undisputed that

5

she did not file any type of motion, or undertake any other action, to apprise the district court that she and DHR were not going to meet the deadline imposed for filing the joint report, and her failure in this regard resulted in a delay of the trial proceedings.

The record also shows that lesser sanctions were not available or adequate to correct misconduct. As the district court recognized in its order denying post-judgment relief, Eades would be unable to satisfy the burden of proof required of her at trial if it acted within its broad discretion and barred her from presenting any evidence or witnesses for failing to comply with its scheduling order, and Eades does not challenge on appeal the court's authority in this regard. Finally, we note that the district court did not dismiss Eades's action for want of prosecution until after she missed at least three separate deadlines: (1) the discovery deadline; (2) the deadline for filing a list of trial witnesses and exhibits; and (3) the deadline for filing the joint report outlining results of the parties' settlement negotiations. Eades was already on notice that the court could dismiss her lawsuit for failure to prosecute because: (1) the court entered two opinions prior to dismissing the lawsuit that outlined the procedural history of the case and explained that Eades had missed a number of important deadlines; and (2) binding caselaw and the Rules of Civil Procedure at the time of the dismissal permitted a court to dismiss a case for lack of prosecution. Thus, Eades

6

reasonably should have known at the time that she missed the settlement report deadline that the court might dismiss the action for want of prosecution. And, hence, the court did not abuse its discretion when it dismissed Eades's case and denied her post-judgment motion.

**AFFIRMED.**