[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10435

Non-Argument Calendar

_____

TERRY M. REED,

                                              Plaintiff-Appellant,

*versus*

DENNY L. STRICKLAND, III,
as father and next friend of minor child,
Deceased, individual and official capacity,
JOHN PAUL BOSWELL,
individual and official capacity,
WESLEY LAVON PEARSON, JR.,
individual and official capacity,
ELLISE WASHINGTON,
Attorney, individual and official capacity,
LAKEISHA RANDELL,

2                    Opinion of the Court                    24-10435

Attorney, individual and official capacity, et al.,

                                                  Defendants-Appellees,

ESTATE OF MICHAEL SANDERS et al.,

                                                       Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cv-00437-MHT-KFP

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Terry Reed, proceeding *pro se*, appeals the District Court's dismissal of his civil rights lawsuit against twenty-one defendants. The District Court dismissed some claims under Federal Rule of Civil Procedure 12(b)(6) and later dismissed the entire case under Rule 41(b) for failure to prosecute and comply with court orders. We affirm.

**I.**

Reed was injured in a 2019 auto accident that also resulted in two deaths. Represented by attorneys Lakeisha Randall and

Ellise Washington, Reed filed a personal injury lawsuit in Alabama state court. That state court approved a $500,000 settlement in 2021 and dismissed the case with prejudice.

In 2022, Reed filed a complaint in the District Court for the Middle District of Alabama alleging that twenty-one defendants—including judges, attorneys, and others—conspired to violate his constitutional rights. His theories stemmed from the accident and the settlement. Reed claimed that the defendants fabricated evidence and coerced him into settling. He alleged that Attorney Washington conspired with the judge presiding over his civil case to mislead him and suppress evidence. Reed sought $75 million in damages.

Before serving the defendants, Reed moved for summary judgment. The District Court denied the motion and warned that failure to effect service could result in dismissal. Reed eventually served most, but not all, defendants. Multiple dismissal motions followed. Reed responded with a single filing reiterating his conspiracy allegations.

Over the next few months, the Magistrate Judge recommended dismissing claims against several defendants. The District Court adopted those recommendations and dismissed fourteen defendants. As the case proceeded, Reed failed to perfect service, respond to motions, or appear for multiple hearings, even after repeated warnings that such conduct would result in dismissal.

In January 2024, the District Court adopted a final recommendation dismissing the claim against Attorney Washington

without prejudice, and dismissing claims against the remaining defendants with prejudice under Rule 41(b) for Reed's repeated failure to show at court hearings and comply with Court orders.

Reed timely appeals.

## II.

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

In his brief, Reed recounts the facts and explains why he believes a conspiracy occurred. But he does not address why the District Court erred in dismissing his claims under Rule 12(b)(6) or under Rule 41(b). For example, Reed never challenges the District Court's determination that he defied court orders and failed to appear for hearings. To the extent Reed argues that the Court granted "summary judgment without allowing [him] leave to depose the defendants," that claim misunderstands the posture—Rule 12(b)(6) addresses the sufficiency of the pleadings, not the evidence. And to the extent Reed challenges any of the dismissal orders before the Rule 41(b) dismissal, he neither identifies those orders in his brief nor explains why the Rule 41(b) dismissal with prejudice does not moot review of prior interlocutory rulings. We consider all other arguments not clearly raised in Reed's brief as abandoned. *See Timson*, 518 F.3d at 874.

24-10435          Opinion of the Court          5

Even if Reed sufficiently made clear he was challenging the District Court's final judgment, wherein the Court dismissed the claim against Attorney Washington under Rule 12(b)(6) and the remaining claims for failure to prosecute and disobeying Court orders under Rule 41(b), we would still affirm.

*A.*

We review de novo a Rule 12(b)(6) dismissal, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). To survive, a complaint must include enough factual content to support a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Conclusory assertions and legal conclusions do not meet that standard. *Id.* at 678–79, 129 S. Ct. at 1949–50.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a federal right by someone acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citations omitted). Private parties are not liable under § 1983 unless they conspire with state actors. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). To succeed on a § 1983 claim for conspiracy, the plaintiff must show that the parties "reached an understanding" to deny the plaintiff his rights and that the parties' actions impinged on a federal right. *Id.* (internal quotation marks and citation omitted).

Reed alleged that Attorney Washington conspired with the judge assigned to his accident case to deprive him of constitutional

rights. But Reed offered no factual support for that claim—only his own conclusory assertions. He failed to allege how or when Attorney Washington "reached an understanding" with anyone, much less the judge, to deny him his rights. *See id*. That is not enough for a § 1983 claim. *See id*. The District Court did not err in dismissing this claim.

Having properly dismissed Reed's federal claim, the District Court also acted within its discretion in declining to exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citations omitted).

### B.

We review Rule 41(b) dismissals for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). Dismissal with prejudice is appropriate when a litigant displays a clear pattern of delay or willful disobedience, and lesser sanctions are inadequate. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005).

Here, Reed disobeyed multiple Court orders and failed to appear at multiple hearings, even after being warned that doing so could result in dismissal of his case. It was within the District Court's discretion to determine that these deficiencies constituted a clear pattern of delay and willful disobedience.

Regardless, Reed does not challenge the Rule 41(b) dismissal on appeal, abandoning the issue. *See Timson*, 518 F.3d 874. We therefore affirm the District Court's dismissal.

## III.

The District Court's judgment is **AFFIRMED.**