Harold McKELVEY, Plaintiff-Appellant,

v.

AT & T TECHNOLOGIES, INC., Defendant-Appellee.

No. 85–5410.

United States Court of Appeals, Eleventh Circuit.

May 23, 1986.

---

**4.** Because of our disposition of this case, we need not address the question of whether the appellants' claims in this case fail because of the existence of adequate state remedies.

R. Scott Laing, West Palm Beach, Fla., for Harold McKelvey.

Joseph Z. Fleming, Miami, Fla., for AT & T Technologies, Inc.

Before HILL, Circuit Judge, HENDERSON[*] and BROWN[**], Senior Circuit Judges.

PER CURIAM:

In this appeal we are asked to determine whether the District Court abused its discretion when it dismissed this case for want of prosecution. Finding that simple negligence was the reason underlying plaintiff-appellant's inaction, we hold that dismissal was too harsh a sanction in this instance. We therefore reverse the District Court's dismissal and remand for reinstatement. Our decision is without prejudice to the imposition by the District Court of alternative sanctions which do not approach the severity of a dismissal.

*Too Many Lawyers Spoil the Broth*

Harold McKelvey filed an employment discrimination suit on or about September 29, 1983. On December 13, 1983, attorney

---

[*] *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Douglas Willis filed a Motion for Limited Appearance on behalf of McKelvey which was granted on January 5, 1984. Willis was the second attorney employed by McKelvey during the course of this litigation.

Willis worked in the same law office as attorney John W. Carroll who became involved in this case in a representative capacity after Willis left the practice of law in Florida. Shortly thereafter, plaintiff McKelvey picked up his file from Carroll's office and subsequently retained R. Scott Laing as his attorney. Thus, Laing became the fourth attorney to represent McKelvey in this case. Laing contacted Carroll and expressed a desire to have either Willis, or Carroll on Willis' behalf, prepare a Stipulation for Substitution of Counsel and a Motion to Withdraw so that the court file would accurately reflect that Laing was plaintiff's counsel. Such action was taken by neither Willis nor Carroll.

Laing was served with the Answer and Affirmative Defenses of the Defendant (AT & T Technologies, Inc.) on or about October 15, 1984. In addition, the Answer was served on Carroll and Willis, who was at that time still the attorney of record. Upon receiving the Answer, Laing apparently perceived there to be no need to follow up on his efforts to be substituted as counsel of record, and he pursued no further course of action.

On January 29, 1985, the District Court, *sua sponte*, reviewed the court file in this case, and routinely ordered the plaintiff to submit, within 20 days, a memorandum showing good cause why the case should not be dismissed for failure to prosecute. Although the records in the Federal Clerk's office indicate that copies of the Rule to Show Cause were sent to "all counsel," Laing never received a copy and therefore did not respond. On March 11, 1985, the District Court, having received no response to its Rule to Show Cause, dismissed the case under Local Rule 13 for failure to

prosecute. Since this action cannot be refiled because of limitations problems, this was the equivalent of a dismissal with prejudice.

On March 15, 1985, Laing filed a Motion to Vacate and Set Aside the Order of Dismissal, asserting that the District Court's Rule to Show Cause was not served upon him. The Motion to Vacate was denied on April 3, 1985 and this appeal followed.

### *Negligence is Bliss*

 The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir.1980). However, the severe sanction of dismissal—with prejudice or the equivalent thereof—should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Martin-Trigona*, 627 F.2d at 682. Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983). A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal. *Searock v. Stripling*, 736 F.2d at 653; *E.E.O.C. v. Troy State University*, 693 F.2d 1353 at 1354, 1357.

 Upon careful examination of the record and briefs in this case, we conclude that the failure of McKelvey and his counsel to respond to the District Court's Rule to Show Cause was, at most, simple negligence. Although AT & T argues that the delay was deliberate so McKelvey could pursue arbitration, we do not find this argument persuasive in the least.[1] Pursuit

---

1. We have also considered AT & T's argument that it has been prejudiced by the delay because the limitations period has run on an indispensable party. We fail to see how AT & T has thereby been prejudiced when, upon reinstate-

ment of this case, AT & T still has this purported defense which it can assert in a variety of ways, including a motion to dismiss for McKelvey's failure to join the alleged indispensable party.

of arbitration clearly would have been an acceptable response to the Rule to Show Cause. Thus, the pursuit of arbitration did not cause McKelvey's counsel to deliberately choose not to respond to the District Court's order. Rather, the failure to respond was due to the failure to receive a copy of the Rule to Show Cause; and this lack of notice is attributable to the negligence of counsel in regard to substituting himself as counsel of record. These facts do not constitute the "extreme circumstances" necessary to impose the drastic remedy of dismissal. Therefore, under our previous holdings, we determine that the order of dismissal ought not to stand. On remand, the District Court may, if it so chooses, consider the imposition of less drastic sanctions against the litigant or counsel for the delay attributable to the negligent failure to respond to the District Court's order.

REVERSED and REMANDED.