[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2006
THOMAS K. KAHN
CLERK

No. 05-10886
Non-Argument Calendar

--------------------------------------------

D.C. Docket No. 04-00061-CV-D-N

ALBERT THOMAS,

Plaintiff-Appellant,

versus

MONTGOMERY COUNTY BOARD OF EDUCATION,
CLINTON CARTER, Individual And In His Official
Capacity As Superintendent,
JOY MYRICK, Individual And In His Official
Capacity As Director of Special Education,
ED RICHARDSON, Individual,
DR. JOSEPH B. MORTON, In His Official Capacity
As Superintendent,
ERICA TATUM, In Her Individual And Official Capacity, et al.,

Defendants-Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

----------------------------------------------------------------

(March 2, 2006)

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Albert Thomas, proceeding pro se, appeals the dismissal of his complaint against the Montgomery County Board of Education and named individual defendants, in which Plaintiff alleged violations of state and federal law protecting the rights of handicapped children. No reversible error has been shown; we affirm.

The magistrate judge recommended that Plaintiff's complaint be dismissed for failure to prosecute the action. The magistrate judge reached this conclusion after Plaintiff twice failed to appear for scheduled conferences and otherwise ignored orders of the court.[1] After Plaintiff failed to appear at the first scheduled

---

[1] On 6 February 2004, the magistrate judge ordered Plaintiff to file an amended complaint by 16 February 2004, because his filed complaint contained no facts to support his claims. The order directed Plaintiff to set his claims out in separate counts stating for each count the defendant or defendants against whom the count is brought, the legal theory upon which the count rests, the facts supporting the claims, and the relief sought. Plaintiff responded by filing a "Notice of Appeal" of (i) the order to amend, and (ii) an order denying without prejudice Plaintiff's motion for appointment of counsel. The district court treated the "Notice of Appeal" as objections to these pretrial nondispositive matters; the objections were overruled. Again on 16 February 2004, Plaintiff was ordered to file his amended complaint by 23 February 2004; and yet again on 11 March 2004, Plaintiff was ordered to file his amended complaint by 22 March 2004 or face possible dismissal. Plaintiff responded by filing motions to recuse the magistrate and to stay the proceedings. Those motions were denied by order dated 24 June 2004; Plaintiff was allowed yet another opportunity to file an amended complaint. Plaintiff's amended complaint, filed 7 July 2004, set out some facts but otherwise ignored substantially the magistrate judge's order about form and content.

conference[2], Plaintiff was advised specifically that his personal appearance at the next conference was mandatory and that his failure to appear would result in a recommendation for dismissal of his complaint with prejudice. Plaintiff was also advised specifically that the purpose of the conference was "to provide a reasonable opportunity for Plaintiff to show any cause why this action should not be dismissed." And, the magistrate judge encouraged Plaintiff to contact the Alabama State Bar and the Montgomery County Bar where Plaintiff could be referred to attorneys with whom he could discuss -- possibly without charge -- the merits of his case. Plaintiff failed again to appear at the scheduled conference and offered no excuse or explanation for his refusal to appear.

The magistrate judge concluded that Plaintiff had engaged in a clear pattern of willful contempt and recommended his action be dismissed with prejudice based on his failure to prosecute. The magistrate judge stated expressly that lesser sanctions had been considered but would not suffice to remedy Plaintiff's failure to participate in the prosecution of his case. Plaintiff filed objections to the magistrate's recommendation that alleged improprieties on the part of the magistrate; the objections failed to respond to, or to challenge, the magistrate's

---

[2]Plaintiff's mother did appear at the first scheduled hearing. Because Plaintiff is not a minor and his mother is not a lawyer, the magistrate judge informed Plaintiff's mother that she could not represent her son or proceed with the action on his behalf.

factual findings, including the determination that Plaintiff's acts constituted willful contempt. The district court adopted the magistrate's recommendation and dismissed Plaintiff's case with prejudice.

We review for abuse of discretion the sua sponte dismissal of a complaint for failure to prosecute.[3] McKelvey v. AT&T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal for failure to prosecute is a severe "sanction of last resort that is to be utilized only in extreme situations," see Morewitz v. West of Eng. Ship Owners Mut. Prot. and Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995); simple negligence does not warrant dismissal. See McKelvey, 789 F.2d at 1520. A district court may, in the proper exercise of its discretion, dismiss with prejudice a complaint for failure to prosecute upon (1) concluding a clear record of delay or willful contempt exists;

---

[3]Plaintiff filed a motion for reconsideration before the district court; reconsideration was denied. Plaintiff appealed the order denying his motion for reconsideration. Although we have jurisdiction to review only those judgments or orders that the notice of appeal specifies, either expressly or implicitly, see Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 785 (11th Cir. 2004), "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" the original judgment, Kicklighter v. Nails by Jannee, Inc. 616 F.2d 734, 738-39 n.1 (5th Cir. 1980) (internal quotation and citation omitted), at least where appeal of that judgment is timely. Because Plaintiff is a pro se litigant, and because it appears he intended to appeal the order of dismissal as well as some non-final orders, we will construe Plaintiff's notice of appeal to include such orders.

and (2) making an implicit or explicit finding that lesser sanctions would not suffice.  See, e.g.,  Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); see also Fed.R.Civ.P. 41(b).

We cannot say that an abuse of discretion has been shown.  Plaintiff was warned repeatedly that his failure to comply with the court's orders could result in dismissal of his case.  The last such warning even included guidance on possible sources of free legal  assistance.  In the face of these warnings, Plaintiff, without explanation, failed to appear for a mandatory conference.[4]  The magistrate judge's finding (to which Plaintiff never objected) that Plaintiff engaged in a "clear pattern of willful contempt" is supported by the record.  And the magistrate judge noted expressly that lesser sanctions were considered but would not remedy Plaintiff's intransigence. In the light of Plaintiff's absences at scheduled hearings and other failures to comply with orders, together with the magistrate's finding that no lesser sanction would suffice, we see no abuse of discretion in the dismissal of Plaintiff's complaint for lack of prosecution.

---

[4]In his reply brief, Appellant for the first time contends that he was intimidated by the prospect of appearing unrepresented against Appellees who were represented by counsel; he claims a panic attack prevented his attendance at the conference.  Appellant included no mention of his alleged incapacity in his objections to the magistrate judge's dismissal recommendation. Appellant's belated attempted explanation fails to show that the magistrate judge abused her discretion.

We have considered other arguments advanced by Plaintiff and find them to be without merit.[5]

**AFFIRMED.**

---

[5]To the extent that Plaintiff is appealing the denial of his motions for appointment of counsel and for recusal of the magistrate judge, these issues have not been properly preserved for appeal. And, even if raised properly, no abuse of discretion has been shown. "A plaintiff in a civil case has no constitutional right to appointment of counsel." See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Where, as here, Plaintiff's claims appear to involve no "exceptional circumstances," the district court commits no abuse of discretion by denying a motion for appointment of counsel. See id. And because no objective, disinterested and fully informed observer would entertain a serious doubt about the magistrate or district court's impartiality in this case, the record discloses no basis for a recusal motion. See Byrne v. Nezhot, 261 F.3d 1075, 1101 (11th Cir. 2001). Plaintiff's argument that the magistrate judge and district court acted without jurisdiction after the date on which the district court liberally construed his first "notice of appeal" as an objection to the magistrate's order also is without merit. Plaintiff was attempting to appeal a **magistrate's** order to this Court; we have no jurisdiction over such appeals. See 28 U.S.C. §§ 1291 and 1292. Such "appeals" are subject to district court review. See Fed.R.Civ.P. 72; 28 U.S.C. § 636(b)(1). We see no error in the district court's upholding of the magistrate judge's resolution of these nondispositive matters and, in any case, Plaintiff filed no notice of appeal of that decision of the district court.