[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13435

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00507-CV-VMC

MARK DEAN SCHWAB,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
OTHER UNKNOWN EMPLOYEES AND AGENTS,
Florida Department of Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 27, 2008)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Mark Dean Schwab has appealed the district court's judgment dismissing without prejudice the 42 U.S.C. § 1983 case that he had filed challenging the lethal injection protocols that will be used at his scheduled execution and from the order denying his Federal Rules of Civil Procedure 59(e) and 60(b) motions to set aside the judgment and reinstate his complaint.

Schwab has abandoned the argument he made in the district court that it had misinterpreted its November 14, 2007 order providing that unless Schwab filed a motion to re-open the case within 30 days after a final decision in Baze v. Rees, ___ U.S. ___, 128 S. Ct. 1520 (2008), his case would be dismissed. The State has abandoned any argument that the district court's alternative ruling, which denied the Rule 59(e) motion as itself untimely because it was filed more than ten days after the judgment, is correct.

Schwab's argument that the district court abused its discretion by dismissing his case and failing to reinstate it relies heavily on decisions requiring certain predicate findings by the court. See, e.g., McKelvey v. AT&T Techs., Inc., 789 F.2d 1518 (11th Cir. 1986); Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382 (5th Cir. 1978). Those decisions are inapplicable to dismissals without prejudice, see Dynes v. Army Air Force Exchange Service, 720 F.2d 1495 (11th Cir. 1983), and the district court's order explicitly provided that this dismissal was: "WITHOUT

PREJUDICE," (R:20:6). Trying to escape the force of that fact, Schwab argues that his case comes within the exception for dismissals without prejudice that have the effect of being with prejudice. The prototypical example is a dismissal without prejudice where the refiling would be barred by the statute of limitations. See, e.g., Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981). The dismissal in this case does not fit within that exception. Schwab's complaint may well be barred by the statute of limitations, see McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008), but that is not because of the dismissal. If the statute of limitations would have barred a refiled complaint, it also would have barred the complaint as initially filed.

We are not persuaded by Schwab's argument that the dismissal was effectively with prejudice on the theory that during the short time remaining before his scheduled execution he did not have time to refile and get the case going again. Schwab could have promptly refiled the identical complaint, which would have deprived the State of any excuse for not refiling the identical answer without delay. As the district court pointed out, Schwab also could have filed a motion to expedite. He even could have refiled the complaint and then moved the court to order that the case be taken up in the same posture it was in when it was dismissed. The district courts of this circuit are experienced in expediting matters relating to

scheduled executions, as is this Court.

To the extent that Schwab argues that he could not refile his complaint because he had no counsel, that argument is belied by two facts. First, regardless of whether the Office of Capital Collateral Regional Counsel (CCRC) could lawfully participate in this § 1983 proceeding under the law of Florida, it did participate in the proceeding. Not only did CCRC file the initial complaint but it also filed the Rule 59(e) and Rule 60(b) motions and the notice of appeal. It could just as easily have filed a motion to re-open the case within the period provided by the November 14, 2007 order. There is no good reason why CCRC was not disabled from filing the initial complaint in November 2007, and was not disabled from filing the post-dismissal motions and the notice of appeal on June 3, 2008 and June 16, 2008, respectively, but was disabled in filing a motion to re-open between April 16, 2008 (the date the Baze decision was issued) and May 16, 2008 (30 days later).

Second, even if one assumes away CCRC, present counsel have not satisfactorily explained why they could not have filed a timely motion to re-open the case just as easily as they have filed the briefs in this case. Two attorneys from the New York office of the Morrison & Foerster law firm and one from that firm's Los Angeles office are on the opening and reply briefs filed in this Court on behalf

4

of Schwab. The reply brief states that: "[T]he undersigned was retained solely to represent Mr. Schwab in connection with his appeal of the counsel issue," and "The undersigned represents to this Court both that Mr. Schwab engaged this Firm on June 18, 2008 . . . and that the undersigned has no authority to represent Mr. Schwab in the district court, even on remand." (Reply Brief at 14 & 15 n.3). The fact that Schwab delayed in retaining or engaging the law firm does not excuse his failure to do so earlier when there was time to file a motion to re-open the case. And the fact that Schwab has not authorized the firm to represent him in the district court does not explain why he has not done so. A litigant who inflicts prejudice on himself should not be heard to complain about the prejudice.[1]

For these reasons, we conclude that the district court's dismissal without prejudice was not the equivalent of a dismissal with prejudice. Schwab could, and should, have filed another complaint and the appropriate motion or motions to expedite consideration of it. We also conclude that the district court did not abuse its discretion in dismissing the initial complaint because no motion to re-open the case was filed as required by the November 14, 2007 order, or in denying the Rule

---

[1] We do not mean to imply that Schwab has the right to appointed counsel in this civil case. The Morrison & Foerster firm was either "retained" or "engaged," not appointed. We recognize that 18 U.S.C. § 3006A(a)(2)(B) provides that counsel may be provided for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28." Schwab is not seeking relief under any of those provisions, but under 42 U.S.C. § 1983. If he were proceeding under § 2254, Schwab would be barred from doing so by 28 U.S.C. § 2244(b).

59(e) and Rule 60(b) motions.

AFFIRMED.