[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2008
THOMAS K. KAHN
CLERK

No. 08-12149
Non-Argument Calendar

_____

D. C. Docket No. 07-01861-CV-BE-S

KIMBERLY BALTIMORE,

Plaintiff-Appellant,

versus

JIM BURKE MOTORS, AUTOMOTIVE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 18, 2008)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Kimberly Baltimore appeals the district court's

dismissal of her complaint in her employment discrimination action.  After a

thorough review of the record and the parties' briefs, we affirm.

Baltimore filed a <u>pro se</u> employment discrimination action against Jim Burke Motors alleging sexual harassment and retaliation. The parties agreed to a joint scheduling order that set discovery disclosures and requests due by January 15.

Baltimore apparently failed to respond to discovery requests by the agreed upon date and, at Baltimore's deposition on January 21, counsel requested the discovery Baltimore had not submitted.[1] Baltimore was either unable to provide the discovery or refused to give defense counsel copies of her requested documents. Thereafter, Jim Burke Motors filed its first motion for sanctions. In addition to Baltimore's failure to comply with the discovery schedule, counsel informed the court that Baltimore had been evasive in her deposition testimony and had refused to provide discovery. According to counsel, this was a pattern of behavior for Baltimore, as she had engaged in similar dilatory tactics in a previous employment action.

The court ordered Baltimore to produce the disclosures by February 8 and warned her that the failure to comply could result in sanctions including dismissal

---

[1] Just two days before the deposition was scheduled to occur, Baltimore moved the court for an extension of time to respond to discovery, and she requested the deposition be postponed. This motion apparently was not submitted to defense counsel, and Baltimore did not attempt to contact counsel before filing the motion. The court denied the motion.

of her case. After Baltimore failed to comply with the court's order, the court instructed Baltimore to produce documents and supplement her discovery by February 19. The court reminded Baltimore that the failure to comply could result in dismissal.

Baltimore submitted some discovery after the court's deadline, but did not completely comply with the court's order. Although the court noted that Baltimore had substantially complied with its order, and thus the court declined to dismiss the complaint, the court ordered Baltimore to pay attorney's fees in the amount of $2,800 by March 21 to reimburse defense counsel for attempts to complete discovery. The court instructed Baltimore to complete her discovery responses by submitting her taxes, medical records, and a computation of damages by February 26. The court also noted that Baltimore could not claim to be ignorant of the discovery rules, as she had appeared previously in another case before the court. Again, the court warned that the failure to comply would result in dismissal.

Baltimore did not submit the records by February 26, and defense counsel notified the court of Baltimore's non-compliance. Baltimore then moved for relief from judgment, Fed. R. Civ. P. ("Rule") 60(b), to challenge the court's order that she pay attorney's fees. She alleged that defense counsel had harassed and threatened her by telling her that if she did not respond he would seek sanctions.

She further alleged that he tried to force her into settling her case. The court denied the motion for relief from judgment, finding that there was no evidence of any misconduct by defense counsel. The court declined to impose additional sanctions because Baltimore had substantially complied with the order by having submitted some records, some calculations, and her federal tax returns. The court, however, ordered Baltimore to submit complete discovery information by March 14. It further instructed Baltimore to pay the sanctions by March 21 or face dismissal. The court informed Baltimore that it would not entertain any further motions for delay, as it had been more than patient with her in light of her pro se status, but it reminded her that she was still required to follow the rules.

As the parties prepared for trial, Baltimore submitted the name and address of an expert witness. She did not submit any report concerning this person's testimony or his area of expertise. After Jim Burke Motors unsuccessfully attempted to resolve this issue with Baltimore, the court excluded the witness for Baltimore's failure to comply with discovery rules.

The day before payment of sanctions was due, Baltimore filed a motion for an extension concerning the payment of sanctions, despite the court's order that it would not entertain any further motions. She then failed to remit payment by the due date. Upon learning of the non-compliance, the court ordered Baltimore to pay

the sanctions by the following day or the case would be dismissed. Despite this warning, Baltimore failed to make the payment. The court dismissed the complaint for failure to comply with the court's orders. Baltimore now appeals, challenging the dismissal of her complaint, the exclusion of her expert witness, the order to pay fees as a sanction, and the denial of her motion for relief from judgment.[2]

We review the district court's decision to dismiss a case for failure to comply with the rules of the court for an abuse of discretion. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Zocaras, 465 F.3d at 483 (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d

---

[2] We reject Jim Burke Motors's argument that Baltimore failed to preserve all issues in her notice of appeal. In her notice of appeal, Baltimore indicated her intent to appeal "from the Judgment entered in this case . . . dismissing the case . . . if Baltimore does not pay Defense Counsel $2800.00 by February 21, 2008 (Doc. 50) thereby dismissing said case for non-payment on February 25, 2008. This appeal is intended to be fully inclusive of any and all matters currently, finally resolved by the district court and thereby supporting an appeal." Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed.R.App.P. 3(c)(1)(B). "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). Importantly, we "liberally construe" the requirements of Rule 3, and "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738-39 n.1 (5th Cir. 1980). Upon review, we conclude the notice of appeal was sufficient to preserve Baltimore's issues before this court.

5

1317, 1324 (11th Cir. 2005)).  The district court's factual findings are reviewed for clear error.  Id.  This court has  articulated a two-part analysis for determining when an action should be dismissed as a sanction under Fed. R. Civ. P. 41(b): there must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate.[3]  Id. (citing Betty K Agencies, Ltd., 432 F.3d at 1339). Importantly, the court's discretion to impose sanctions is limited; a "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

In addition to finding willful contempt, a district court must consider the possibility of alternative, lesser sanctions.  Id.  This court has explained, however, that such consideration need not be explicit.  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice."); Goforth, 766 F.2d at 1535 ("The record also supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice.").  Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct.  McKelvey v. AT & T Techs., Inc., 789 F.2d 1518,

---

[3] In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.  See Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

1520 (11th Cir. 1986).

Here, the court properly dismissed the case as a sanction for Baltimore's repeated refusal to comply with the court's orders. Despite numerous warnings and many opportunities to comply, Baltimore failed to submit discovery, pay sanctions, or respond to orders. The fact that Baltimore refused to pay attorney's fees as a lesser sanction establishes her willful refusal to comply and is evidence that other lesser sanctions would not suffice. Moreover, as the court noted, Baltimore had engaged in previous litigation and had been reminded in that case as well as the instant case that she was obligated to comply with the court's orders and with the discovery rules. Thus, Baltimore's non-compliance was not the result of mistake or negligence, but was willful misconduct. On this record, we conclude that the district court did not abuse its discretion.

In addition, the court did not abuse its discretion by denying Baltimore's motion for relief from judgment. We review the denial of a Rule 60(b)(3) motion for relief from judgment for an abuse of discretion. Cox Nuclear Pharmacy, Inc. v.. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). Rule 60(b)(3) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud . . . misrepresentation, or misconduct by an opposing party. . . ." Fed.R.Civ.P.

7

60(b)(3). To prevail, Baltimore must show by clear and convincing evidence that the Jim Burke Motors obtained the verdict by fraud, misrepresentation or other misconduct and that this misconduct prevented her from fully and fairly presenting her case. Waddell v. Henry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

Here, Baltimore offered nothing other than her own conclusory allegations to show Jim Burke Motor's defense counsel engaged in any misconduct. A review of the record establishes that there was no misconduct; rather, defense counsel simply attempted to resolve discovery disputes without having to involve the court. There was nothing improper in the communications with Baltimore, and thus, Baltimore did not establish that she was entitled to relief from judgment.

Because the court properly dismissed the case, Baltimore's evidentiary challenges are moot and we need not address them.

**AFFIRMED.**