[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15731
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00357-CV-CAR-5

ANDREW CALLOWAY,

Plaintiff-Appellant,

versus

PERDUE FARMS, INC.,
ABC, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 19, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Calloway appeals the district court's dismissal with prejudice of his state law complaint against Perdue Farms, Inc. ("Perdue") for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. After review, we AFFIRM.

## I. BACKGROUND

On 7 June 2007, W. Carl Reynolds and Katherine L. McArthur of the law firm Reynolds, McArthur & Horne, counsel of record for Calloway, filed a complaint in state court against Perdue alleging that Calloway, an employee of the United States Department of Agriculture, suffered injuries as a result of Perdue's negligent inspection and maintenance of its poultry processing plant in Perry, Georgia. R1-1 at 5-7. Perdue answered the complaint on 27 June 2007, and the case was removed on diversity grounds to the United States District Court for the Northern District of Georgia on 11 July 2007. R1-1 at 1; R1-2. On 10 August 2007, the parties filed a joint preliminary report and discovery plan, and Perdue served its initial disclosures on Calloway. R1-9; R1-10. On 28 August 2007 Perdue served interrogatories and document production requests on Calloway. R1-12. That same day, Bradley J. Survant of Reynolds, Horne & Survant, formerly known as Reynolds, McArthur & Horne, filed a motion to withdraw from representation. R1-14. He advised the court that Calloway was still represented by

2

McArthur and attached to the motion Calloway's signed consent.  Id.  Survant filed an additional motion to withdraw on 28 August 2007 on behalf of Reynolds, Horne & Survant, which also indicated that McArthur continued to represent Calloway.  R1-15.  The district judge granted the motions on 1 September 2007.  R1-16.  On 17 September 2007, the district judge granted Perdue's motion for change of venue, filed on 28 August 2007, and the case was transferred to the Middle District of Georgia. R1-13, 17.

On 8 October 2007, defense counsel sent a letter to McArthur inquiring as to the status of Calloway's initial disclosures and responses to Perdue's interrogatories and document requests.  R1-23, Exh. A.  McArthur informed defense counsel that she never was retained by Calloway and that Calloway's employment contract was with Carl Reynolds, P.C.  Id., Exh. B.  McArthur thereafter filed a notice of withdrawal as counsel with the district court on 17 October 2007.  R1-21. She indicated that she no longer was affiliated with Reynolds, McArthur & Horne and that it was her understanding that Carl Reynolds and the law firm of Reynolds, Horne & Survant remained lead counsel in Calloway's case.  Id.  Upon receiving McArthur's 17 October 2007 notice of withdrawal, defense counsel faxed a letter to Survant asking him to clarify whether his law firm represented Calloway or whether Calloway was proceeding pro se.

R1-23, Exh. C.  In response, Survant sent defense counsel a copy of the 1 September 2007 order, issued by the district judge in the Northern District of Georgia, permitting his firm's withdrawal as counsel in the case.  Id., Exh. D.

On 31 October 2007, defense counsel sent Calloway a letter, along with copies of Perdue's interrogatories and document requests, asking that Calloway respond to discovery within ten days.  Id., Exh. E.  After receiving no response, Perdue advised Calloway in a second letter, sent via certified mail on 26 November 2007, that it would seek sanctions if he did not respond by 12 December 2007.  Id., Exh. F.  Calloway telephoned defense counsel on 28 November 2007 and informed defense counsel that he was scheduled to undergo hip replacement surgery the next week and was in the process of finding another attorney to represent him.  Id. at 4.  Defense counsel agreed to an extension of time for responding to discovery and prepared a joint motion to modify the discovery plan and scheduling order, which he sent to Calloway via certified mail.  Id. at 4-5, Exh. G.  Defense counsel requested that Calloway sign and return the motion, as well as enclosed authorizations allowing defense counsel to obtain Calloway's medical and employment records.  Id., Exh. G.  Although Calloway received defense counsel's correspondence on 30 November 2007, he never signed and returned the joint motion nor did he answer Perdue's interrogatories and document production

4

requests. Id. at 5, Exh. G at 2.

On 13 February 2008, Perdue filed the instant motion to dismiss on the grounds that Calloway never responded to discovery and thus failed to prosecute his case diligently. R1-22, 23. On 15 May 2008, the district judge issued a show cause order, which was served on both Calloway personally and on McArthur as counsel of record, directing Calloway to show cause within twenty days why his claims should not be dismissed. R1-25 at 1. Although the judge found that McArthur's notice of withdrawal did not comply with the court's local rules and that she therefore remained counsel of record, he noted that there was some confusion as to Calloway's representation and that, as of the date McArthur filed her notice of withdrawal, defense counsel treated Calloway as if he were pro se. Id.[1] McArthur thereafter filed another motion to withdraw, which the district court granted on 19 August 2008. R1-27, 28. In its order granting McArthur's motion, the court gave Calloway twenty days to obtain counsel and respond to Perdue's motion to dismiss. R1-28. The court warned Calloway that if no response was received within the prescribed time, his case would be dismissed with prejudice. Id.

Although Calloway's current attorney entered an appearance as counsel on

---

[1] On 19 June 2008, the district court issued a second, identical show cause order after discovering that the original order never was served upon McArthur. R1-26.

5

26 August 2008, Calloway never responded to either the show cause order or Perdue's motion. R1-29. On 12 September 2008, the district court dismissed the complaint with prejudice after finding that Calloway "ha[d] done nothing to prosecute his case since November 28, 2007," even though "[t]he Court ha[d] given him three opportunities to explain his failure to [] go forward with his case, more than sufficient opportunity to deal with any problems caused by the withdrawal of his counsel." R1-30 at 2. Calloway filed a motion to reconsider, arguing that the delay was attributable to his attorneys, which the district court denied. R1-32 at 3; R1-34. This appeal followed.

## II. DISCUSSION

We review the district court's dismissal with prejudice under Rule 41(b) for an abuse of discretion. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Under this standard of review, we will not disturb the district court's decision unless it amounts to a clear error of judgment. See McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001).

Rule 41(b) authorizes the district court, on defendant's motion, to dismiss an action for failure to prosecute or comply with the rules of the court. Fed. R. Civ. P. 41(b); see Goforth, 766 F.2d at 1535. We have stated repeatedly that dismissal with prejudice is an "extreme sanction" and "is plainly improper unless and until

6

the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338-39 (11th Cir. 2005). The district court must make findings satisfying both prongs of this standard before dismissal as a sanction under Rule 41(b) is appropriate. See Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102-03 (11th Cir. 1989) (per curiam); see also Betty K Agencies, 432 F.3d at 1339 ("We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing." (quotation marks, alteration, and citation omitted)). With respect to the first prong, we have held that simple negligence is not sufficient to warrant dismissal. See McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam). With respect to the second prong, while the district court must consider the appropriateness of lesser sanctions, such consideration need not be explicit. See Betty K Agencies, 432 F.3d at 1341; see also Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice.").

It is apparent from district court's order that it found a clear pattern of delay, and the record supports this finding. Despite having been given numerous

7

opportunities, Calloway repeatedly failed to submit discovery, respond to Perdue's motion, or comply with the court's show cause orders, even though he knew he was not represented by counsel – as evidenced by the fact that he contacted defense counsel directly, asked for an extension of time, and told defense counsel that he was in the process of seeking representation – and that the onus was therefore on him to prosecute his case. See Betty K Agencies, 432 F.3d at 1338 (noting that "the harsh sanction of dismissal with prejudice is . . . more appropriate in a case where a party, as distinct from counsel, is culpable"). The record thus demonstrates that Calloway's non-compliance was willful and not merely the result of mistake or negligence.[2]

The record also supports the district court's implicit finding, based on Calloway's "fail[ure] to take advantage of [the court's] generosity" and avail himself of the multiple chances he was given to go forward with his case, that lesser sanctions would not have "spur[red] this litigation to its just completion." Mingo, 864 F.2d at 103; R1-30 at 2. In light of the fact that Calloway was warned that his failure to respond to Perdue's motion would result in dismissal of his complaint

---

[2] We find no merit to Calloway's contention on appeal that it was not he, "but the confusion as to who exactly represented [him] that was the cause of the delays." Appellant's Brief at 10. While the record indicates that the attorneys were confused as to Calloway's representation, Calloway himself was aware that he was not represented by counsel, and acted in a manner consistent with a litigant proceeding pro se.

with prejudice, yet still refused to pursue his case, the district court's determination that lesser sanctions would be futile was not unreasonable.

## III. CONCLUSION

Calloway appeals the district court's dismissal of his complaint with prejudice. We conclude from the record that the court acted within the bounds of its discretion, particularly given that Calloway was personally responsible for the delays in his case.

**AFFIRMED.**