**Laura McKINLEY, Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Oglethorpe Bank, Defendant–Appellee.**

No. 15–14036
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 11, 2016.

Laura McKinley, Brunswick, GA, pro se.

J. Scott Watson, Federal Deposit Insurance Corporation, Arlington, VA, Charles B. Lee, Miller & Martin, PLLC, Chattanooga, TN, for Defendant–Appellee.

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Plaintiff Laura McKinley sued the Federal Deposit Insurance Corporation. Plaintiff titled the complaint, "Counterclaim/Counter Complaint." On the same day, Plaintiff moved to proceed *in forma pauperis*. In considering the motion, the magistrate judge began a review under 28 U.S.C. § 1915(e)(2)(B), which permits a district court to dismiss an *in forma pauperis* complaint *sua sponte* if the complaint is frivolous or fails to state a claim.

The magistrate judge deferred ruling on Plaintiff's motion because the magistrate judge detected several procedural errors and ambiguities in the complaint. Most notably, the magistrate judge explained the difficulty in comprehending the complaint:

> [Plaintiff]'s Complaint in the action now before the Court is difficult to follow. She begins with what appears to be a rewording of the conclusion of the Court's summary judgment ruling in [another action], though she does not reference that case. She then includes information regarding Federal Rules of Civil Procedure 13 and 15 and O.C.G.A. § 9–11–13. In several enumerated paragraphs, [Plaintiff] then appears to attack the [Defendant]'s claims in [a third action], though the Complaint does not reference that case either. The Complaint then includes a lengthy argument section that cites to Federal Rule of Civil Procedure 12 and states why various claims should be dismissed. Though it is not clear, it appears that this argument section also refers to the claims pending against [Plaintiff] and her codefendants in [the third action]. [Plaintiff] concludes her Complaint with a request that she be "personally released from [Defendant's] lawsuit" and that her contract, "which was not voided, be paid out in full." She also requests that the Court "reverse the prior denial of summary judgement."

The magistrate judge concluded, "Even after a careful reading of [Plaintiff]'s Complaint, the Court is in the dark as to what legal claims she seeks to assert against [Defendant] and the factual basis for those claims."

A review of the complaint confirms the difficulty of interpreting Plaintiff's complaint. Most notably, large portions of the complaint resemble a motion to dismiss a complaint in an unidentified action. For example, the complaint contains a "Summary of Defendants' Arguments" section

in which Plaintiff stated, "The ordinary negligence and breach of fiduciary duty claims should be dismissed as against [Plaintiff]."

Despite Plaintiff's opaque complaint, the magistrate judge recognized that Plaintiff might nonetheless amend the complaint to state a claim. Accordingly, the magistrate judge deferred ruling on Plaintiff's motion to proceed *in forma pauperis* and instead (1) directed Plaintiff to amend the complaint and (2) instructed Plaintiff on how to cure the complaint's deficiencies. The magistrate judge identified Rules 8 and 10, Federal Rules of Civil Procedure, for help in crafting a complaint. Further, the magistrate judge advised Plaintiff on how to accomplish varying goals. For example, the magistrate judge stated, "[I]f [Plaintiff] is seeking to defend the claims that [Defendant] has asserted against her in [another action], she must assert her defenses via pleadings in that action, not through this separate civil case." Finally, the magistrate judge warned, "If [Plaintiff] does not file an amended complaint, the Court may dismiss this action."

Plaintiff ignored the magistrate judge's advice and instead filed the same complaint.[1] In response, the district judge dismissed Plaintiff's complaint without prejudice because Plaintiff failed to comply with the magistrate judge's order.

We review for abuse of discretion a district court's dismissal for failure to comply with a court order. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir.2005). In this action, we find no abuse of discretion because (1) Plaintiff blatantly flouted the magistrate judge's order,[2] (2) the order warned Plaintiff of dismissal, and (3) the district judge dismissed without prejudice.[3] *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (affirming a dismissal with prejudice against a *pro se* litigant and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"). Accordingly, we **AFFIRM.**

---

1. In fact, Plaintiff's amended complaint changed the complaint in only one detectable manner. Plaintiff's 39–page amended complaint added one paragraph to the 38–page original complaint. The added paragraph clarifies nothing.

2. Plaintiff's narrative reply brief asserts that the magistrate judge gave Plaintiff neither sufficient time to amend the complaint nor sufficient guidance on how to amend the complaint. The magistrate judge gave Plaintiff two weeks to amend and, as discussed above, included substantial guidance on how to amend the complaint. Both suffice, especially because Plaintiff neither requested additional time nor attempted to amend the complaint. *See also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir.2013) ("[P]ro se litigants do not have a right to general legal advice from judges.").

3. If a dismissal without prejudice has the same effect as a dismissal with prejudice, the district court may dismiss for failure to comply with a court order "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Plaintiff does not argue that the dismissal in this action is equivalent to a dismissal with prejudice.