[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17702
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00385-JSM-PRL

DAVID J. RIDDELL,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
d.b.a. Lisa D. Herndon,
STATE OF FLORIDA,
d.b.a. Angelina Rodeo,
STATE OF FLORIDA,
d.b.a. Dan Mosley,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

David Riddell, proceeding *pro se*, filed this 42 U.S.C. § 1983 lawsuit alleging, as far as we are able to tell, that he had "tendered payment and a private administrative remedy" to the Fifth Judicial Circuit Court in and for Sumter County, Florida, and thereby, in Riddell's view, discharged the State of Florida's authority to hold him in custody. After submitting an amended complaint on July 7, 2016, Riddell filed what he claimed to be proof of service on defendants Angelina Rodeo, Dan Mosley, and Lisa Herndon on July 28, 2016.

A couple months later, the defendants moved to dismiss the complaint for failure to effect timely service of process under Rule 4(m), Fed. R. Civ. P. The defendants argued that Riddell's attempts at service were ineffective for a variety of reasons and that the time to complete service had elapsed.

When Riddell did not respond to the defendants' motion to dismiss within the time provided by the local rules, the district court, acting *sua sponte*, issued an order to show cause. In the show-cause order entered on November 9, the court ordered Riddell to respond to the defendants' motion to dismiss within fourteen days or show cause in writing within the same time period "why the Court should not dismiss the Amended Complaint for lack of prosecution."

That same day, November 9, the district court received from Riddell a motion to amend his complaint, dated November 7, in which Riddell asked for leave to add an additional defendant and to clarify his claims.  He did not, however, describe the substance of any amendments or attach a proposed amended complaint.  The district court entered an endorsed order on the docket denying the motion to amend without prejudice for failure to comply with a local rule.

Riddell did not respond to the district court's show-cause order within fourteen days.  Having received no response from Riddell, the district court, on November 28, 2016, dismissed the case for Riddell's "failure to diligently prosecute this action."  Riddell now brings this appeal.

The decision to dismiss a case for lack of prosecution "lies within the trial court's discretion and can be reversed only for an abuse of discretion."  *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).  "A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases."  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (internal quotation marks omitted).  And "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Id.*

3

While a dismissal with prejudice is a "sanction of last resort, applicable only in extreme circumstances," such as willful delay, *McKelvey*, 789 F.2d at 1520, a dismissal without prejudice may be entered where no such extreme circumstances are present, *see Dynes*, 720 F.2d at 1499 ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion.").

Here, the district court did not abuse its discretion in dismissing Riddell's lawsuit without prejudice for failure to prosecute it or comply with a court order. In exercising its authority over the docket, a district court "need not tolerate defiance of reasonable orders." *Equity Lifestyle Props.*, 556 F.3d at 1241. The defendants, in moving to dismiss the lawsuit, raised issues as to the effectiveness of service and whether the case should be dismissed for failure to effect timely service. The defendants' motion could not be resolved solely by reference to the face of the complaint or to other materials in the record, which do not appear to show that the defendants had been properly served.[1]

---

[1] Even though Riddell was a *pro se* litigant entitled to liberal construction of his filings, "we nevertheless have required [*pro se* litigants] to conform to procedural rules," such as the rules for service of process. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). And, on appeal, Riddell does not appear to contest the defendants' position that service was ineffective. We also note that Riddell does not appear to have been proceeding *in forma pauperis* in the district court. A plaintiff proceeding *in forma pauperis* may be entitled to have the court order service to be made by a United States Marshal. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

Under these circumstances, it was reasonable for the district court to order a response from Riddell for the purpose of evaluating the defendants' motion to dismiss.  Riddell either could have responded to the motion to dismiss with additional evidentiary materials demonstrating effective service, which would have allowed the court to make the "factual findings necessary to resolve [the] motion[] to dismiss for . . . ineffective service of process," *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (noting that courts may consider facts outside of the pleadings to resolve factual disputes relating to service of process), or he could have shown "good cause for the failure" to effect timely service, which would have required the court to "extend the time for service for an appropriate period," *see* Fed. R. Civ. P. 4(m).  To a large degree, therefore, some response from Riddell was necessary to the district court's proper resolution of the motion to dismiss.

Because Riddell failed to respond to the district court's reasonable order, the court acted within its discretion in dismissing the action without prejudice, even though no extreme circumstances were present which would warrant dismissal with prejudice. *See Equity Lifestyle Props.*, 556 F.3d at 1241; *Dynes*, 720 F.2d at 1499.  And contrary to Riddell's contention, he has not been denied access to the courts because he remains free to file a new lawsuit and pursue his claims against the defendants. *See Phillips v. Mashburn*, 746 F.2d 782, 784–85 (11th Cir. 1984). Finally, the court did not abuse its discretion in denying Riddell's motion to amend

his complaint for lack of compliance with a local rule.  And even if it had, any error is harmless because the motion to amend was unrelated to the basis for the dismissal of the lawsuit without prejudice.

Accordingly, we **AFFIRM**.