[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15235
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61301-KMM


JASON T. DEATON,

                                                            Plaintiff-Appellant,

versus

STATE OF FLORIDA,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 16, 2018)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Jason Deaton, a Florida prisoner proceeding *pro se*, appeals the District Court's dismissal of his complaint for failing to comply with a court order regarding the timely filing of a joint scheduling report and failing to request an extension. On appeal, Deaton does not address the reason for the dismissal of his complaint. Rather, he contends that it was "obvious" from the title of his complaint that he was requesting proof of subject matter jurisdiction of his state criminal prosecution under the District Court's federal question jurisdiction.

The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). The abuse-of-discretion standard of review requires us to affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

*Pro se* pleadings are liberally construed, but issues not briefed on appeal are nonetheless deemed abandoned. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). If a plaintiff fails to comply with a court order, the district court may *sua sponte* dismiss the case based on either Federal Rule of Civil Procedure 41(b) or its inherent power to manage the docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal upon disregard of an order—especially where, as here,

the litigant has been forewarned—is generally not an abuse of discretion.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Moreover, such a dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file.  *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Here, Deaton has abandoned any challenge to the District Court's dismissal of his claim for failure to follow its order requiring the filing of a joint scheduling report.  Even liberally construed, Deaton's brief makes no argument about his failure to file a joint scheduling report or request an extension.  Regardless, the District Court did not abuse its discretion by dismissing Deaton's complaint for failure to follow a court order because Deaton was forewarned and the dismissal was without prejudice.

**AFFIRMED.**