[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13000

Non-Argument Calendar

_____

TRISTAN MICHAEL HYDE,

Plaintiff-Appellant,

*versus*

SHERIFF, WALTON COUNTY,
JOHN MORING,
Captain,
J. BROWN,
Captain,
GABRIELLE CUTCHENS,
Legal Access Staff Mailroom,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-04904-LC-HTC

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Tristan Hyde, proceeding pro se, appeals an order dismissing his § 1983 claim without prejudice for failure to prosecute, failure to comply with a court order, and failure to disclose.  Hyde failed to pay the initial partial filing fee in his case, despite the fact that he had access to the requisite funds and had been given repeated warnings that failure to pay could result in the dismissal of his case.  Because the district court did not abuse its discretion when it dismissed Hyde's case for failure to comply with a court order, we affirm.

**I.**

When Hyde filed a complaint alleging a variety of constitutional violations on the part of several local officials in Walton County, Florida, the district court granted his motion to proceed *in forma pauperis*.  But the court denied his motion to waive the initial partial filing fee because Hyde regularly received deposits of over $300 in his inmate trust account.  The court explained that the "fact that Plaintiff spends these funds on telephone calls, purchases, or other litigation, does not excuse him from paying a

22-13000                Opinion of the Court                3

partial filing fee in this case." Accordingly, it ordered Hyde to pay an initial partial filing fee of $68.06, as calculated under 28 U.S.C. § 1915(b)(1), within twenty-one days. The April 29, 2022 order explicitly warned that failure to pay the initial partial filing fee may result in dismissal of the action for failure to comply with a court order.

Twenty-one days came and went without payment from Hyde. This failure prompted the court to issue an order requiring him to show cause why his case should not be dismissed for failure to prosecute or comply with an order of the court. Hyde responded with a motion requesting a thirty-day extension of time to pay the initial filing fee. He claimed to have spent the entirety of his funds on improving the infrastructure and operations of his business, and said that he would soon be receiving new revenues to satisfy the filing fee. The court granted Hyde an additional fourteen days to make the payment, and once again warned that failure to comply may result in dismissal.

Hyde again failed to make the payment. Instead, he requested yet another extension, this time claiming that he could not pay because he had been detained after failing to appear for a court date and had retained counsel at a cost of $800 for his defense in that case. Perhaps sensing a pattern, the court denied the motion and ordered Hyde to pay the fee or else have his case dismissed without prejudice. The district court made it plain that Hyde had access to the necessary funds but was "choosing to spend his

money on things that he apparently deem[ed] to be more important than this litigation."

Even so, the court considered one last volley of similar motions from Hyde to extend time and to request new payment guidelines, both of which it rejected. After Hyde missed the final deadline of August 4, 2022, the district court adopted the magistrate judge's Report and Recommendation, dismissing the case without prejudice for failure to prosecute, failure to comply with a court order, and failure to disclose.

## II.

We review the district court's decision to dismiss Hyde's case for failure to comply with a court order for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). This means that "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Although *pro se* litigants are generally subject to less stringent standards than represented parties, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they are nevertheless required to conform to procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## III.

Federal Rule of Civil Procedure 41 permits dismissal of an action if a plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). Dismissal for failure to comply with a court order is appropriate "where there is a clear record of 'willful'

contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Although dismissal has been described as an "extraordinary" remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The district court did not abuse its discretion in dismissing Hyde's case for failure to comply with a court order. Hyde was repeatedly warned that failure to pay the initial partial filing fee could result in dismissal of his case. Moreover, the district court unsuccessfully employed lesser sanctions—a show cause order and an extension of time to pay the initial filing fee. The district court entertained a series of duplicative motions from Hyde, effectively giving him nearly *four months* to make a payment that was initially due within twenty-one days. There was plenty of evidence for the district court to conclude that Hyde was willfully defying court orders and that lesser sanctions would not be sufficient to induce compliance.

Hyde argues that dismissal was inappropriate because his failure to comply was the result of simple negligence. *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1519 (11th Cir. 1986) (holding that dismissal was too harsh a sanction where simple negligence was the reason underlying inaction). But *McKelvey* is not enough. *First*, the court's discussion there was limited to cases where

dismissal *without* prejudice would be the equivalent of dismissal *with* prejudice because of temporal proximity to the statute of limitations. *Id.* at 1520. *Second*, the district court's ruling here was based on evidence of "willful delay," not "simple negligence." *Id.* The district court found that Hyde had made multiple $250 payments in his state criminal case, an $800 payment for an attorney, and hired a firm to handle a contract dispute related to his business. In short, Hyde "had sufficient funds to pay the initial partial filing fee and, instead, chose to spend those funds on other matters."

Hyde also argues that the district court violated the Equal Protection Clause of the Fourteenth Amendment by failing to provide him with a full record on appeal for free. This argument also fails. To state an equal protection claim, Hyde must show that he "was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably." *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009). Hyde neither claims to belong to a protected class, nor does he identify any comparators whom the district court treated more favorably than him.

⋆    ⋆    ⋆

In sum, the district court did not abuse its discretion in dismissing Hyde's complaint without prejudice for failure to comply with a court order. As the district court noted, Hyde "can refile the suit when he is ready to do so." Accordingly, the district court order is **AFFIRMED**.