[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16633
Non-Argument Calendar

_____

D. C. Docket Nos. 07-00025-CV-WLB-1, 05-13658-BKC-SD

IN RE: YULIN MA,

Debtor.

-------------------------------------------------------------------------------------------------------

JESSIE L.-S. AU,

                                            Plaintiff-Appellee,

versus

YULIN MA,

                                            Plaintiff
                                            Third Party Plaintiff
                                            Appellant,

GUILLAUME M. WIENTJES,

                                            Plaintiff
                                            Third Party Defendant
                                            Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Georgia

———————————————

(September 23, 2009)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Yulin Ma, proceeding pro se, appeals the district court's order denying his motion for a jury trial to alter or amend, his motion in limine, and his renewed motion for reconsideration of its order dismissing his personal injury tort claims against Jessie L.-S. Au and Guillaume M. Wientjes under 28 U.S.C. § 157(b)(5). The district court dismissed Ma's claims under Fed.R.Civ.P. 41(b) after he failed to comply with a magistrate judge's order that required payment of expenses as a result of his failure to meet his discovery obligations. The court found that, based on Ma's own testimony, he had sufficient funds to pay the award and that he did not make a good-faith effort to work out a monthly payment plan. Ma did not request any transcripts after filing his notice of appeal.

I.

Ma contends that the district court abused its discretion by dismissing his claims under Rule 41(b) because he did not have notice that his non-payment could result in dismissal and he complied with the order by making a good-faith effort to work out a monthly payment plan. He also contends that the court failed to consider any lesser sanctions before dismissing his claims.

We review a dismissal under Fed.R.Civ.P. 41(b) only for an abuse of discretion. Goforth v. Ownes, 766 F.2d 1533, 1535 (11th Cir. 1985). The district court's factual findings are reviewed only for clear error. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). "A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." Goforth, 766 F.2d at 1535. "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Id. In reviewing a dismissal under Rule 41(b), we consider "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id. (quotation omitted). The district court's finding regarding lesser sanctions may be implicit or explicit. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). Dismissal pursuant to Rule 41(b)

3

"upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Under the Federal Rules of Appellate Procedure, an appellant has the duty to order and file with the district court any necessary transcripts "[w]ithin [ten] days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in [Fed.R.App.P.] 4(a)(4)(A), whichever is later." Fed.R.App.P. 10(b)(1). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed.R.App.P. 10(b)(2). "[W]here a failure to discharge th[is] burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006).

Because Ma did not request a transcript of the hearing where he provided testimony regarding his financial condition, we reject Ma's challenges to the district court's findings based on the testimony presented at that hearing. In view of those findings, the district court did not abuse its discretion by dismissing Ma's

claims under Rule 41(b) because Ma willfully failed to comply with the magistrate's order, and lesser sanctions would not suffice.

## II.

Ma also contends that the district court erred by denying his renewed motion for reconsideration of the magistrate's order requiring his compliance with his discovery obligations, his motion in limine to prohibit Au and Wientjes's counsel from further participating in the action, and his motion for a jury trial to alter or amend the district court's order of dismissal. He argues that their counsel submitted false affidavits to the district court regarding his financial condition and that the district court failed to consider the entire record.

We review the denial of a motion under Rule 59 for abuse of discretion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.), cert. denied, 128 S.Ct. 660 (2007). The only grounds for granting a motion under Rule 59 are newly discovered evidence or manifest errors of law or fact. Id. "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. Any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e) regardless of its label. United States v. E. Air Lines, Inc., 792

5

F.2d 1560, 1562 (11th Cir. 1986); Harcon v. Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986).

Post-judgment motions filed more than ten days after the judgment may be construed as filed under Fed.R.Civ.P. 60(b). Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005). Thus, "Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). To prevail under Rule 60(b)(3) based on fraud, "the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct" and "that the conduct prevented [him] from fully presenting his case." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

The district court did not abuse its discretion by denying Ma's post-judgment motions because they were filed more than ten days after the

judgment, attempted to relitigate issues previously decided by the district court, and did not show that the judgment was obtained through fraud.

III.

After review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**