[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15329
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00309-ACA

PAMELA BLACKMORE JENKINS,

Plaintiff-Appellant,

versus

SECURITY ENGINEERS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 19, 2019)

Before BRANCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Pamela Blackmore Jenkins ("Jenkins"), proceeding pro se, appeals the

district court's grant of Security Engineers Inc.'s ("SEI") motion to dismiss her

employment discrimination complaint for want of prosecution. Jenkins's employment discrimination action alleged claims of (1) sexual harassment, a hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"); (2) age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"); and (3) wage and hour offenses, in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 ("FLSA"). On appeal, Jenkins contends the district court abused its discretion in dismissing her complaint for want of prosecution because the district court failed to properly evaluate the "argument or evidence presented."

Contrary to Jenkins's allegations, the district court's dismissal was based on Jenkins's clear record of willful delay and failure to follow the district court's orders. Indeed, the district court accommodated pro se plaintiff Jenkins on the front end by agreeing to Jenkins's proposed trial date and then setting the discovery deadlines based on that date, as well as on the back end by twice extending those deadlines. Yet, Jenkins still failed to comply with the district court's orders and produce complete discovery responses in her current lawsuit that was pending for nearly a year.

After careful and thorough review, we affirm the district court's order dismissing Jenkins's case with prejudice.

## I.  FACTUAL BACKGROUND

### A.     Jenkins's Initial Complaint

On November 14, 2017, plaintiff Jenkins filed her initial complaint in the Circuit Court of Jefferson County, Alabama.  The initial complaint alleged that SEI, as her employer, subjected Jenkins to sexual harassment, a hostile work environment, and retaliation, in violation of Title VII, as well as age discrimination, in violation of the ADEA.  On February 26, 2018, the defendant SEI removed the action to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1446.  SEI also filed an answer to the complaint, denying liability and asserting 30 affirmative defenses.

### B.     May 9, 2018 Scheduling Order

On May 9, 2018, the parties appeared at a scheduling conference, where the district court described the purpose of its scheduling order and the necessity of meeting its deadlines.  The district court also expressed a preference that cases go to trial within 12 months of filing, which would have meant February 2019 for Jenkins's trial.  However, the district court acknowledged that Jenkins was proceeding pro se and granted her requested trial date of June 10, 2019, approximately 16 months after the removal of her complaint to federal court.

3

Jenkins expressed her understanding of the importance of deadlines and denied

needing extra time for receiving documents by mail in the following exchange:

> MS. BLACKMORE JENKINS:  I am not going to play with that.  I
> am going to make sure I do it within the 14 days.
>
> THE COURT:  But if I say it has to be done by June 1, then June 1 is
> June 1 is June 1.
>
> MS. BLACKMORE JENKINS:  I got you.

The district court then entered a scheduling order, which listed the court's

pre-trial deadlines in bold type and included a clear warning that the deadlines

apply unless modified by the court or by a timely request for extension.  Relevant

to this appeal, the May 9, 2018 scheduling order prescribed these pretrial

deadlines: (1) the parties must exchange initial disclosures by June 15, 2018;

(2) Jenkins must disclose expert witnesses and provide expert reports by August

16, 2018, while SEI must do so by September 17, 2018; and (3) all discovery must

be completed by November 16, 2018.

## C.    Jenkins's Amended Complaint and SEI's Motion and Answer

The district court also granted Jenkins's request to file an amended

complaint, which she did on May 29, 2018.  Jenkins's amended complaint

(1) provided more detailed allegations regarding the claims asserted in her initial

complaint, and (2) added these two claims: wage and hour violations under FLSA

4

and retaliation under the Occupational Safety and Health Act, 29 U.S.C. § 660(c) ("OSHA").

In response, SEI filed a motion to dismiss Jenkins's claim for retaliation under OSHA, arguing that Jenkins failed to state a claim upon which relief can be granted. SEI also requested the district court require a more definite statement of Jenkins's other claims, alleging that they were not pled in compliance with the Federal Rules of Civil Procedure. Jenkins responded to SEI's motion, stating that she had provided a short, plain statement of her claims.

On June 27, 2018, the district court granted in part and denied in part SEI's motion. The district court dismissed Jenkins's OSHA retaliation claim because OSHA affords no private right of action.[1] The district court then denied SEI's motion for a more definite statement, asserting that, "[g]iven the liberal standard that applied to pro se pleadings," Jenkins's remaining claims were sufficiently pled.

On July 10, 2018, SEI answered the amended complaint, denying liability and asserting 39 affirmative defenses. Three days later, the district court issued an amended scheduling order, requiring the parties to file a joint status report by October 16, 2018, and dispositive motions by January 16, 2019. All other

---

[1]In this appeal, Jenkins does not challenge the district court's ruling that OSHA does not afford her a private right of action.

unexpired deadlines established in the May 9, 2018 scheduling order remained operative.

## D.    Expert Witness Report

The May 9, 2018 scheduling order required Jenkins to disclose expert witnesses and submit expert reports by August 16, 2018.  On August 16, 2018, Jenkins did file a document titled "Disclosure of Expert Witness," which identified Kenneth D. Gibbs as a "specifically retained" certified public accountant. However, Jenkins did not provide SEI with Gibbs's complete expert report as required by the district court's scheduling order and Federal Rule of Civil Procedure 26(a)(2)(B).

On September 6, 2018, SEI called Jenkins and told her to expect a request for supplementation of her expert disclosure.  On September 10, 2018, SEI e-mailed Jenkins and requested Gibbs's expert report, explaining that SEI could not designate a rebuttal expert without more information about the subject matter or opinions upon which Gibbs was expected to testify.  SEI's e-mail included the text of Rule 26(a)(2)(B) for guidance.  SEI's e-mail also stated that, if Jenkins failed to disclose Gibbs's expert report by September 14, 2018, SEI would file a motion to compel and a motion for extension of SEI's expert disclosure deadline.

On September 16, 2018, SEI filed its motion to compel Jenkins to produce her expert report and to extend the time for SEI's own expert disclosures.  SEI

argued that its own deadline to disclose experts and to provide expert reports was September 17, 2018, and it could not disclose its experts without the benefit of an expert report from Gibbs.

The district court ordered Jenkins to respond to SEI's motion to compel by October 1, 2018. Jenkins did not file a response and never produced the required expert report. While Jenkins never produced this expert report, SEI's ultimate motion to dismiss focused on Jenkins's other failures to produce discovery documents, as explained below.

## E.    Discovery Delays: Interrogatories, Requests for Production, and Initial Disclosures

On June 7, 2018, SEI served Jenkins with its "First Set of Interrogatories and First Set of Requests for Production."[2] SEI's cover letter alerted Jenkins: (1) that pursuant to Federal Rules of Civil Procedure 33 and 34, Jenkins's objections and responses were due in 30 days, (2) that the 30-day deadline was July 9, 2018, and (3) that "[i]f you believe that you will need additional time to respond, please contact us as soon as possible to work out an extension."

Jenkins did not provide her responses to SEI's interrogatories and requests for production by July 9, 2018, nor did she contact SEI to request an extension. On

---

[2]Notably, SEI first served Jenkins with initial interrogatories and requests for production on April 24, 2018. However, SEI withdrew its initial discovery requests after the May 9, 2018 scheduling conference, wherein Jenkins requested more time to file an amended complaint with additional claims, which the district court granted. After Jenkins filed her amended complaint on May 29, 2018, SEI filed these interrogatories and requests for production on June 7, 2018.

July 10, 2018, SEI contacted Jenkins via telephone and agreed to allow her an additional 30 days to submit the requested discovery responses, as well as her initial disclosures. In a July 10 e-mail, SEI memorialized the conversation, which stated that the agreed deadline for Jenkins to provide complete responses to SEI's interrogatories and requests for production was now August 2, 2018. SEI's July 10 e-mail also noted that SEI had yet to receive Jenkins's initial disclosures (which, pursuant to the May 9, 2018 scheduling order, were due by June 15, 2018) and requested those disclosures by August 2, 2018 as well.

By August 2, 2018, Jenkins still had not provided her initial disclosures or responses to SEI's first set of interrogatories and requests for production. On August 8, 2018, SEI contacted Jenkins via telephone. During that conversation, Jenkins agreed to send the initial disclosures by e-mail that day and to provide responses to interrogatories and requests for production as soon as possible. In an August 9 e-mail, SEI memorialized that conversation, stating that SEI still had not received Jenkins's promised initial disclosures. The August 9 e-mail also stated that SEI would file a motion to compel on August 17, 2018, if Jenkins failed to provide a deadline by which SEI could expect her initial disclosures and discovery responses.

On August 17, 2018, Jenkins via e-mail provided a low-quality photograph of her interrogatory responses to SEI. SEI responded that the photograph was "not

8

legible," that SEI had not been served with a copy of the document, and inquired into the status of Jenkins's initial disclosures and responses to its interrogatories and requests for production. Later that day, Jenkins provided answers to SEI's interrogatories, but they were largely deficient and incomplete. Jenkins provided no responses to SEI's requests for production of documents.

On September 6, 2018, SEI contacted Jenkins via telephone, notifying her that her answers to the interrogatories were insufficient and informing her to expect a request for supplementation. In both certified mail and an e-mail on September 11, 2018, SEI identified exactly which interrogatory answers were insufficient and why. This correspondence also noted that Jenkins had agreed to provide responses to SEI's requests for production by September 14, 2018, and that SEI would file a motion to compel on September 18, 2018, if it had not received supplemented interrogatory answers and responses to requests for production by that date.

Jenkins then contacted SEI and requested an extension to supplement her interrogatories and provide her responses to requests for production because her apartment flooded and damaged the necessary documents. On September 21, 2018, SEI filed a motion to extend all remaining deadlines and compel Jenkins's overdue discovery responses.

9

## F.    District Court's September 24, 2018 Order

On September 24, 2018, the district court entered an order extending all earlier deadlines in the case by 60 days and requiring Jenkins to provide complete responses to SEI's interrogatories and requests for production by October 8, 2018. The order also directed SEI to notify the district court of any remaining deficiencies by October 12, 2018.  When Jenkins failed to provide any further discovery responses by October 8, 2018, SEI alerted the court and filed an outline of Jenkins's missing and deficient discovery.

## G.    October 17, 2018 Status Conference

On October 17, 2018, the district court held a status conference.  At the conference, the district court reviewed the deficiencies in Jenkins's interrogatory answers and explained what her obligations were with regard to the requests for production.  The district court then ordered Jenkins to provide complete written answers to SEI's interrogatories and requests for production by October 26, 2018.[3] Jenkins failed to do so.

---

[3]The record on appeal does not contain a transcript of this conference or the resulting order.  However, the details of this conference discussed in SEI's motion to dismiss and the district court's corresponding order are consistent.  On appeal, Jenkins does not dispute these details.

10

On October 29, 2018, Jenkins provided SEI a document titled "Fully Answered Interrogatories." However, despite its title, this document addressed only 2 of the 31 interrogatories.

## H.    SEI's October 30, 2018 Motion to Dismiss

On October 30, 2018, SEI filed a motion to dismiss Jenkins's claims for want of prosecution. SEI argued that Jenkins had failed to participate meaningfully in discovery and to obey the district court's orders. SEI noted that Jenkins had more than 140 days to comply with discovery requests and was twice ordered to do so by the court, yet still failed to provide complete interrogatory answers or any documents responsive to SEI's requests for production and initial disclosures. SEI acknowledged that Jenkins was proceeding pro se, but argued she had defied reasonable court orders, unjustly delayed discovery, and unduly prejudiced SEI. On October 31, 2018, the district court entered an order giving Jenkins until November 7, 2018, to respond to SEI's motion to dismiss.

On November 5, 2018, an individual named Sharde' A. Gaylord Rivers—who was not an attorney of record—filed and signed a motion requesting additional time for Jenkins to respond to SEI's motion to dismiss. Rivers explained that Jenkins had "been suffering from several health issues" and would provide medical documentation to the court as soon as possible.

11

## I.    District Court's November 14, 2018 Order

On November 14, 2018, the district court denied Jenkins's motion for an extension of time.  The district court stated that Jenkins's motion was procedurally deficient because (1) Jenkins was proceeding pro se and did not sign the motion; and (2) Sharde' A. Gaylord Rivers, the individual who did sign the motion, was not listed as an attorney of record for Jenkins.  The district court further stated, "[e]ven if the court were to consider the requested extension of time, substantively, the court is not persuaded that an extension of time is justified."  The district court then chronicled Jenkins's failure to comply with discovery deadlines and deficient discovery responses, which spanned ten months and two orders to compel.  The district court highlighted Jenkins's "repeated failure to respond to SEI's discovery requests and her continued delay despite warning from the court."

Ultimately, the district court ordered Jenkins to show cause by November 20, 2018, as to why it should not dismiss her case based on failure to prosecute. The district court stated that it would not grant Jenkins any additional extensions of time, and if Jenkins failed to respond by the deadline, her case would be dismissed.

On November 19, 2018, Jenkins filed a response to the district court's show-cause order, requesting that the district court not dismiss her case because she had been suffering from "several health issues."  Jenkins stated that she was hospitalized on October 30, 2018, and November 1, 2018, due to "excruciating

12

pain," and then saw a physician on November 17, 2018, for "current" health issues. Jenkins attached a note from a nurse practitioner clearing her to return to work as of November 24, 2018.

On November 26, 2018, SEI responded. SEI stated that although it was sympathetic to Jenkins's health issues, those issues did not arise until after the district court's October 26, 2018 deadline to respond to SEI's discovery requests. SEI further argued that Jenkins's response did not address any arguments in SEI's motion to dismiss, and therefore the district court should consider the motion unopposed.

**J.    District Court's November 28, 2018 Order**

On November 28, 2018, the district court granted SEI's motion and dismissed Jenkins's claims with prejudice for failure to prosecute. The district court determined that dismissal was proper (1) under Federal Rule of Civil Procedure 37, which permits a court to sanction a party for failure to obey discovery orders and (2) under Federal Rule of Civil Procedure 41, which allows a court to dismiss an action for failure to prosecute or to obey court orders. The district court further found that, "despite multiple opportunities and after being instructed specifically on how to cure her deficient responses, Ms. Blackmore-Jenkins twice failed to comply with court orders that she provide complete discovery responses to SEI." The district court also found that, "Ms. Blackmore-

13

Jenkins's failure to answer basic discovery prevents SEI from conducting additional meaningful discovery in this action that has been pending for nearly one year."

The district court also addressed Jenkins's November 19, 2018 response advising about her hospitalization and medical treatment on October 30, November 1, and November 17, 2018. While sympathetic to her health issues, the district court found that Jenkins "did not experience health troubles until a date after the court twice ordered her to provide complete discovery responses to SEI." Moreover, Jenkins's list of medical visits did not constitute an adequate response to SEI's motion to dismiss for failure to prosecute.

The district court recognized that Jenkins was a pro se litigant whose pleadings must be liberally construed but noted that she was still subject to "the relevant law and rules of the court," including the Federal Rules of Civil Procedure. The district court recalled that it had previously warned Jenkins about compliance with such rules and that failure to provide discovery requests or follow court orders would result in dismissal of her case. It found that Jenkins had "demonstrated that she has no intention of pursuing her claims or complying with this court's instruction."

Accordingly, the district court dismissed Jenkins's case with prejudice, finding it the only sufficient sanction under the circumstances.

14

### K.    Jenkins's Motion to Reconsider

On December 6, 2018, Jenkins filed a 52-page motion to reconsider the dismissal of her case, providing more details on her medical issues and attaching exhibits of her flooded apartment.  On December 20, 2018, SEI responded that Jenkins's motion should be denied because it did not present sufficient evidence to meet the legal standard under Federal Rule of Civil Procedure 59.  On January 4, 2019, the district court denied Jenkins's motion for reconsideration.

### L.    Jenkins's Appeal

On December 27, 2018, Jenkins filed a timely notice of appeal of the district court's order dismissing her case.  On May 2, 2019, Jenkins's appeal was dismissed pursuant to 11th Circuit Rule 42-2(c) and 42-3(c) because she failed to timely file a brief or appendix.  Jenkins filed a motion to reinstate, which this Court granted.[4]

## II.  STANDARD OF REVIEW

This Court reviews for an abuse of discretion a district court's dismissal of a case for want of prosecution.  Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005).  This Court also reviews for an abuse of discretion a district court's order of discovery sanctions, including dismissal with prejudice.

---

[4]On appeal, Jenkins argues that she also alleged racial discrimination, in violation of Title VII.  However, Jenkins did not make a racial discrimination claim in her initial or amended complaint, and therefore this Court will not address it for the first time on appeal.

Phipps v. Blackeney, 8 F.3d 788, 790 (11th Cir. 1993). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Betty K. Agencies, 432 F.3d at 1337 (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324 (11th Cir. 2005)). Although this Court gives liberal construction to the pleadings of pro se litigants, it nonetheless requires them to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

## III.  DISCUSSION

### A.    Governing Rules

The district court has broad discretion to control discovery. Phipps, 8 F.3d at 790. This power includes the ability to impose sanctions on litigants who do not comply with court ordered discovery deadlines. Id. District courts may dismiss a case for want of prosecution in the context of discovery based on three possible sources of authority: (1) Federal Rule of Civil Procedure 41(b); (2) Federal Rule of Civil Procedure 37(b)(2)(A); or (3) the court's inherent authority to enforce orders and insure prompt disposition of litigation. See Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b)(2)(A); Phipps, 8 F.3d at 790; Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Under Rule 41(b), a district court has the authority to dismiss an action for failure to comply with local rules or a court order. See Fed. R. Civ. P. 41(b);

16

Betty K Agencies, 432 F.3d at 1337.  Under Rule 37(b)(2)(A), a district court has the authority to impose sanctions, including dismissal, for failure to "obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A); Phipps, 8 F.3d at 790.  A district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice.  Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987); Betty K Agencies, 432 F.3d at 1337.

Nonetheless, dismissal with prejudice is a sanction of last resort, applicable only in extreme circumstances, and is proper under Rule 41(b) only if the district court finds: (1) "a clear record of delay or willful conduct" and (2) "that lesser sanctions are inadequate to correct such conduct."  Zocaras, 465 F.3d at 483 (quoting Betty K Agencies, 432 F.3d at 1339);  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (reciting two-pronged test for dismissal under Rule 41(b)).[5]

As to the first prong, simple negligence will not suffice.  McKelvey v. AT&T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  As to the second prong, we require that a district court "consider the possibility of alternative, lesser sanctions."  Zocaras, 465 F.3d at 484.  Such consideration, however, need not be

---

[5]A similar test applies to discovery sanctions under Rule 37.  A district court may dismiss a case for abuse of the discovery process only when (1) a party has willfully or with bad faith failed to obey a discovery order, and (2) less drastic sanctions would not ensure compliance with the court's orders.  Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

17

explicit.  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is … an implicit or explicit finding that lesser sanctions would not suffice.").  But we have never held that the district court need not make that finding at all.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  That said, "dismissal [with prejudice] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## B.    Jenkins's Contentions[6]

On appeal, Jenkins argues that (1) during the October 17, 2018 status conference, she provided SEI with an IRS transcript and her driver's license, which should have sufficed as her discovery responses given the recent flooding of her apartment; (2) the district court refused to allow her to retain an expert witness to provide a damages calculation; (3) she filed her initial disclosures in a timely manner; and (4) she filed a timely response to SEI's motion to dismiss for want of

---

[6]Because Jenkins appealed only the district court's order dismissing her case for want of prosecution, rather than the denial of her motion for reconsideration of the dismissal of her case, any claims argued in Jenkins's motion for reconsideration are beyond the scope of this appeal. Further, to the extent Jenkins argues that the district court judge violated the judicial code of conduct, Jenkins did not raise this issue before the district court or in her initial brief on appeal and has thus abandoned the argument. See Fed. R. App. P. 3(c)(1)(B).

prosecution and a timely response to the district court's November 14, 2018 order to show cause.[7]

## C.    SEI's Response

In response to Jenkins's contentions, SEI points out Jenkins's consistent pattern of willful delay, including Jenkins's: (1) failure to respond to SEI's written discovery within the 30-day period allowed by Federal Rules of Civil Procedure 33 and 34; (2) failure to respond to SEI's written discovery by the agreed-upon deadline of August 2, 2018; (3) failure to provide her interrogatory responses as promised by August 8, 2018; (4) failure to provide her full discovery responses by the requested deadlines of August 17, 2018, and October 8, 2018; and (5) failure to provide her expert witness's report within the district court's deadline set forth in the scheduling order.  SEI emphasizes how Jenkins never provided complete responses to its discovery requests at all, despite having over 140 days to do so.

As evidence of willful contempt, SEI also cites Jenkins's failure to comply with multiple district court orders setting deadlines for her to provide discovery responses and to properly disclose her expert's information.  SEI also points out

---

[7]Jenkins also appears to argue that (1) the district court refused to acknowledge her responses or view her discovery productions during the October 17, 2018 status conference; (2) SEI misled the district court and ethically violated the legal process; (3) the clerk's office erred in failing to inform her that Rivers's signature on her motion to continue was unacceptable and (4) the transcript of the May 9, 2018 scheduling order was not filed in a timely manner. These contentions are either irrelevant to the issue before us or lack merit and warrant no further discussion.

that the district court gave Jenkins an "unequivocal warning" in its November 14, 2018 order that failure to follow court orders would result in dismissal of her claims.  SEI contends that lesser sanctions could not have sufficed because of Jenkins's total disregard for district court's orders.  SEI asserts that Jenkins's arguments on appeal are either irrelevant or fail to show that the district court abused its discretion.

**D.    Analysis**

Given the lengthy and detailed procedural history recounted above, we conclude that the district court did not abuse its discretion in dismissing Jenkins's complaint with prejudice for failure to prosecute.  The district court found that Jenkins engaged in a pattern of delay and willful contempt, which "demonstrated that she ha[d] no intention of pursuing her claims or complying with [the district court's] instructions."  The record supports the district court's finding.

For example, despite the district court's insistence that Jenkins follow the court's discovery deadlines, Jenkins failed to follow not one but four court orders, under circumstances in which the district court had forewarned Jenkins that failure to do so would result in dismissal.  Indeed, Jenkins failed to comply with the district court's: (1) May 9, 2018 scheduling order, which required Jenkins to exchange initial disclosures by June 15, 2018, and provide SEI with her expert witness report by August 16, 2018; (2) September 17, 2018 order, which required

20

Jenkins to respond to SEI's motion to compel her expert witness report by October 1, 2018; (3) September 24, 2018 order, which required Jenkins to respond to SEI's interrogatories and requests for production by October 8, 2018; and (4) October 17, 2018 order, which required Jenkins to complete her interrogatory responses and requests for production by October 26, 2018.

And even though the district court gave Jenkins numerous extensions of time, she never provided SEI with complete responses to its interrogatories and requests for production. Jenkins failed to do so despite the district court's efforts, during the October 17, 2018 status conference, in walking through the discovery requests with Jenkins and explaining what her obligations were under the Federal Rules of Civil Procedure, including specifically instructing her how to cure her deficient responses. Jenkins also never provided SEI with her expert witness's report.

Moreover, Jenkins did not even respond to the district court's October 31, 2018 order to file a response to SEI's motion to dismiss her complaint for failure to prosecute. Instead, an individual who was not an attorney of record filed a motion for an extension of time, which Jenkins did not sign. And then, on November 14, 2018, when the district court ordered Jenkins to show cause why the court should not dismiss her lawsuit based on her repeated failure to answer SEI's discovery requests, Jenkins's response did nothing to explain why she did not comply with

21

the court's October 8, 2018, and October 26, 2018 deadlines—both of which pre-dated the medical conditions she reported to the court. Considering the district court's deadline extensions, explicit warnings, and extra chances to explain her non-compliance, Jenkins's conduct reflects willful contempt.

The record also supports the district court's finding that a lesser sanction would not adequately address Jenkins's conduct. The district court accommodated pro se plaintiff Jenkins and expressed sympathy for the flooding and health issues that disrupted her litigation but nonetheless found that Jenkins's failure to answer basic discovery prevented SEI from conducting additional meaningful discovery in the action, despite the lawsuit being pending for over a year. Furthermore, Jenkins's failure to disclose her expert witness's report, among other discovery requests, prevented SEI from developing an adequate defense to her claims. This prejudice to SEI, combined with the fact that Jenkins demonstrated that she had no intention of pursuing her claims or complying with the district court's orders, rendered dismissal of the action with prejudice the only sufficient sanction under the circumstances. See Gratton, 178 F.3d at 1374.

For these reasons, we cannot say that the district court abused its discretion in dismissing Jenkins's case with prejudice.

**AFFIRMED.**

22